J. S. NOYES & COMPANY, plaintiffs in error, *vs.* JAMES L. JENKINS, defendant in error.

The sale of the first five bales of cotton of a crop of the present year by a bill of sale dated the 9th February, 1874, passes no title to the vendee, the seed not being planted at that season of the year in the county. That which has no actual or potential existence is not the subject of bargain and sale. Until the crop be actually growing, or at least until the seed be planted, the crop has no existence, actual or potential, and no part of it can be sold so as to pass the title, and authorize a recovery in trover.

Sale. Title. Crops. Before Judge BUCHANAN. Polk Superior Court. August Term, 1875.

Noyes & Company vs. Jenkins.

Reported in the opinion.

JOSEPH A. BLANCE, by E. N. BROYLES, for plaintiffs in error.

No appearance for defendant.

JACKSON, Judge.

J. S. Noyes & Company brought trover against the defendant for five bales of cotton, to be the first five bales picked, ginned and packed from the crop of 1874. The contract by which they claimed title to this cotton was in writing, and dated 9th of February, 1874. It is clear, therefore, that though the contract calls the crop a *growing* crop, that on the 9th of February no crop of cotton was *growing*, or even *planted*, at that time in the county of Polk, where the plantation was. The court held in substance that there could be no recovery; that no title passed to this inchoate crop, namely: for want of delivery, and the questions for us to decide are, did title pass to the vendees, and can they recover in trover?

In the case of Cudworth against Scott, 41 New Hampshire, 456, it was ruled that a mortgage of crops of a certain year on a certain farm will pass to the mortgagee a lien for such grasses as spring from the ground annually, but not to such as grow from seed sown, the seed not being sown at the date of the contract. In the supreme court of the United States in Butt *vs.* Ellett, page 544, 19 Wallace, it was held, not that title could pass before a crop was planted to any part thereof so as to authorize a recovery in trover, but that a mortgage on such a crop would attach its lien to it when it sprang up, and the lien would be preferred to other subsequent liens.

In a late case reported in the Law and Equity Reporter for April 5th, 1876, Apperson & Company *vs.* W. E. & C. L. Moore, it was held by the supreme court of Arkansas that an action to recover an unplanted crop, or its value, would not lie, because that which has no actual or potential existence is not the subject of grant; but that when a mortgage is execu-

ted on an unplanted crop, a lien attaches in equity, as soon as the subject of the mortgage comes into existence, and in a proceeding to foreclose will be enforced against the mortgagor, and those claiming under him with record notice. In *Stephens vs. Tucker*, decided at the last term, it was held by this court that a mortgage upon a part of a crop actually growing, capable of certain ascertainment, was good. But we have not found a case where title to a crop, the seed not even being at the time of the sale in the ground, passed so as to authorize a recovery in trover. The authorities are uniformly, we believe, to the effect of the remark made in the case cited from the Arkansas supreme court, that there must be a potential existence at least of the thing sold; and this potential existence comes into being only when the crop begins to grow, or at farthest, when the seed is put where it can germinate and begin to grow, in the soil, and under the rain and sunshine.

We think, therefore, as this crop of cotton was not in any actual or potential existence, inasmuch as it had not germinated, or even been put where it could germinate, no title passed, and there can be no recovery in trover.

Judgment affirmed.