## 42703.   BLANCHARD v. WEST.

JORDAN, Judge.   T. Wayne Blanchard commenced this action against John A. West in the Civil Court of Fulton County to recover damages arising from the sale of real estate and shares in a corporation to the defendant in 1963, such sale allegedly having been induced by the fraud and deceit of the defendant. The trial judge sustained a general demurrer to the petition, but the case remained pending in the court below until the trial judge eliminated a cross action, whereupon the plaintiff appealed. *Held:*

1. Defendant, as the appellee, contends that the plaintiff lost his right to appeal by failing to file a timely notice of appeal when the trial judge's order of May 20, 1966, sustaining a general demurrer to the petition became final upon the failure of the plaintiff to amend within the 15 days allowed by the trial judge for amendment. This contention would be valid but for the fact that by reason of the defendant's cross action the case remained pending in the lower court, and an appeal by the plaintiff at that time would have been premature. *Brown v. Elliott,* 115 Ga. App. 89 (153 SE2d 665).

2. The petition in the present case shows, in essence, that the plaintiff and defendant were equal owners of Ace Bonding Company, Incorporated, which was in the business of supplying bail bonds, and that the defendant, by misrepresenting the value of the assets of the corporation and concealing information which the plaintiff in the exercise of due diligence could not discover, convinced the plaintiff that his shares were practically worthless, although his shares were at least worth $30,000, and induced the plaintiff to sell his shares, and his interest in certain real estate, for $30,000, which represented less than the plaintiff's interest in the real estate (although both knew this fact) on the basis that the shares in the corporation had no market value, and that he suffered a financial loss as a result of the sale.

The essential elements of an action for fraud and deceit, succinctly stated are: (a) that the defendant made representations, (b) knowingly and with false design, (c) with intent to deceive and defraud, (d) that such representations related to existing or past facts, (e) without knowledge by the other party that such representations were false, (f) and that the other party relied on such representations and thereby suffered a loss. *Code* §§ 105-301, 105-302; *Cosby v. Asher*, 74 Ga. App. 884, 886 (41 SE2d 793). The petition must show that one who relied upon the representations of another used the means available to him, in the exercise of diligence, to discover the truth. *Cosby v. Asher*, supra, at p. 888. One failing to inform himself, but having equal opportunity of learning the truth, must suffer the consequences of his neglect. *Dortic v. Dugas*, 55 Ga. 484, 496. Also, see *Hunt v. Hardwick & Co.*, 68 Ga. 100, 104. As against attack by general demurrer, allegations which show that the defendant deliberately concealed facts within his knowledge affecting value, as an inducement to sell, which facts the plaintiff sought to discover, are sufficient to support a cause of action. *Cline v. Nelson*, 46 Ga. App. 600 (1) (168 SE 70); *Norris v. Hart*, 74 Ga. App. 444 (40 SE2d 96). "Questions of fraud and the truth and materiality of representations made by a defendant, and whether the plaintiff could have protected himself by the exercise of proper diligence, are matters which usually should be submitted to a jury, and the court will not solve them on demurrer, except in plain and undisputable cases." *Norris v. Hart*, supra, at p. 446. The petition contains the essential

elements of an action for fraud and deceit, and was good as against a general demurrer.

3. The plaintiff further contends that the trial court should have sustained five grounds of special demurrer to the defendant's answer. These grounds are directed to portions of the answer, which allege that plaintiff had as much knowledge as the defendant concerning the business affairs and value of the corporation; that the defendant represented to the plaintiff that when the transaction took place he was willing to sell his joint interests to the plaintiff on the same basis as he bought from the plaintiff; that plaintiff had equal knowledge of the financial affairs, and elected to sell instead of buying; and a denial of indebtedness to the plaintiff. These allegations are matters on which the defendant is entitled to offer proof to controvert the allegations of the petition. The contentions of the plaintiff in this respect are without merit.

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*

SUBMITTED APRIL 4, 1967—DECIDED MAY 22, 1967—REHEARING DENIED JUNE 6, 1967—

*N. T. Anderson,* for appellant.

*Murphy, McFarland & Turoff, Martin McFarland,* for appellee.