MANN, Judge.
Quality Fruit Buyers, Inc., which bird-dogs, says bird-dogging is illegal. That takes a little explanation.
Quality agreed to sell 50,000 boxes of oranges, which it did not own, to Kil-larney for future delivery, at a price of 40 cents per pound solids. Florida is full of fruit buyers who “bird-dog,” finding oranges for processors and buyers for growers’ fruit. It delivered 20,297 boxes, but defaulted as to 29,703 boxes. The price having risen, Killarney sustained a loss fixed by the Commissioner of Agriculture at $17,331.70, which Quality paid rather than suffer the loss of its license. In this action to recover the amount paid, it alleges that the contract was void because it is forbidden by the bucket shop law, Fla.Stat. § 851.01 (1971), F.S.A., which forbids transactions “closed, adjusted, or settled according to or on the basis of the market quotations.” That isn’t what happened here. Quality didn’t agree to deliver at the market price on a future day, but at a price certain. The prohibition of the bucket shop law does not apply.
Quality next asserts that Fla. Stat. § 672.105(2), F.S.A., renders the transaction void. This point is also without merit. That statute relates to the identification of specific goods before an interest in the goods passes, but does not by any means forbid the sale of fungible goods without specific identification. It is simply irrelevant to the contract between Quality and Killarney.
*425 Quality may not appreciate haying to live up to this contract, but unless there is something in the statutes not brought to our attention on this appeal, it may find comfort in the knowledge that its business is lawful. This means that if the price goes down instead of up during the current season, its customers cannot allege the invalidity of their agreements and offer only the market value for oranges delivered. The learned trial judge who entertained Quality’s action properly dismissed it.
Affirmed.
HOBSON, Acting C. J., and McNULTY, J., concur.