## CONE MILLS CORPORATION
v.
### A. G. ESTES, INC., and Dabbs Enterprises, Inc.
#### Civ. A. No. 1129.

United States District Court,
N. D. Georgia,
Newnan Division.
March 29, 1974.

Sanders, Mottola, Haugen, Wood & Goodson, Newnan, Ga., for plaintiff.

David G. Archer, Cartersville, Ga., for defendants.

## ORDER

ALBERT J. HENDERSON, Jr., District Judge.

This is a diversity action brought by a North Carolina corporation, Cone Mills Corporation (hereinafter referred to as "Cone") against a Georgia cotton grower, Dabbs Enterprises, Inc. (hereinafter referred to as "Dabbs") and a Georgia cotton merchant, A. G. Estes, Inc. (here-

inafter referred to as "Estes") seeking a declaratory judgment, specific performance of two contracts and other injunctive relief.

The defendant Dabbs filed a counterclaim and crossclaim against Cone and Estes respectively. Thereafter, Cone and Estes filed a motion to dismiss and to strike the counterclaim and crossclaim upon identical grounds.

■ Dabbs now amends its counterclaim and crossclaim pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to which no objection is made by the plaintiff and defendant, Estes.

> Great freedom is allowed in amending pleadings in order to assert matters which occurred before the filing of the original pleading but were overlooked by the pleader or were unknown to him at the time. A party may amend his pleading once as a matter of course at any time before a response pleading has been served. . . . A motion is not a "responsive pleading", within the meaning of Rule 15(a), and thus the right to amend as of course is not defeated because the other party has filed a motion attacking the pleading. (footnotes omitted).

Wright, Federal Courts, ¶ 66, at p. 239 (1963) and cases cited therein; 3 Moore's Federal Practice, ¶ 15.07 [1] at pp. 849–60. There having been no response filed to the crossclaim and counterclaim, the amendment is timely and it will be considered along with the other pleadings in passing upon the motions to dismiss and strike. Rule 15(a), Fed.R. Civ.P.

The counterclaim, as amended, attacks the validity of the contract between Dabbs and Estes for the future sale of cotton at "twelve cents above loan" because, allegedly, it does not represent the true intent of the parties. The defendant, Dabbs, claims that, instead, a contemporaneous oral agreement was made setting the sale price of the cotton at one-half a cent higher than that contained in the written instrument. According to Dabbs, it acceded to the

twelve-cent figure only as an accommodation to the buyer, Estes, so that other farmers would not discover it had agreed upon the higher than usual price. A new written contract was to be consummated at a later date reflecting the orally agreed terms. Based on this representation, Dabbs signed the existing contract. Subsequently, Estes purportedly denied the oral agreement. Dabbs asserts that these representations were made with the knowledge they were false and for the purpose of inducing its execution of the "false contract" and therefore the existing contract is void and unenforceable.

In support of its motion to dismiss, Cone insists that: the oral agreement between the parties is unenforceable because of the parole evidence rule; the allegation of fraud is not pled with the necessary particularity; there is a written agreement evidencing the parties' intention to contract based on adequate consideration, mutuality, and contemplation of delivery. Finally, Cone contends that the Dabbs claim that the contract in issue is unconscionable fails to state a claim upon which relief can be granted, is insufficient as a matter of law.

■ Georgia law provides that written agreements may not be varied or contradicted by a contemporaneous oral agreement or a prior accord. Ga.Code Ann. § 109A–2–202. It is an exception to this rule where an instrument is procured by fraud. Barrie v. Miller, 104 Ga. 312, 315, 30 S.E. 840 (1898) and cases cited therein; Johnson v. Sherrer, 197 Ga. 392, 403, 29 S.E.2d 581 (1944); Hinson v. Hinson, 221 Ga. 291, 144 S.E. 2d 381 (1965); 37 Am.Jur.2d § 453 at 623–26. Simpson, Law of Contracts, § 99 at 199–200 (1965).

> Even though the contract is in writing, the fact that it was induced by false representations may be shown by parole or extrinsic evidence as a sheer matter of necessity. Thus the fact that a contract is in writing does not preclude the introduction of evidence to show that a material stipulation therein was founded on the misrepre-

sentations and fraud of one of the parties, or was inserted or omitted by fraudulent means. (footnotes omitted).

37 Am.Jur.2d § 451 at 620–21. A charge of fraud, if adequately alleged, may therefore be established by parol evidence.

■ Claims of fraud must be pled with particularity. Rule 9(b), Fed.R. Civ.P. Dudley v. Southeastern Factor & Finance Corp., 446 F.2d 303 (5th Cir. 1971), cert. den., 404 U.S. 858, 92 S.Ct. 109, 30 L.Ed.2d 101; Perma Research & Development Co. v. Singer Co., 410 F.2d 572 (2nd Cir. 1969). As stated in Brown v. Ragsdale Motor Co., 65 Ga. App. 727, 730, 16 S.E.2d 176 (1941), to allege fraud, the claimant must contend the defendant knowingly made a false representation with the intent and purpose of deceiving the plaintiff. Additionally, there must be a reliance on such representations and a loss sustained thereby. Young v. Hall, 4 Ga. 95, 98 (1848). The misrepresentations must also relate to a pre-existing or present fact and not statements or representations involving future conduct. Georgia Mobile Home Development Corporation v. Kuter, 119 Ga.App. 781, 785, 168 S.E.2d 858 (1969); Blanchard v. West, 115 Ga.App. 814, 815, 156 S.E.2d 164 (1967); Beach v. Fleming, 214 Ga. 303, 306, 104 S.E.2d 427 (1958); Jackson v. Brown, 209 Ga. 78, 80, 70 S.E.2d 756 (1953); Monroe v. Goldberg, 80 Ga.App. 770, 775, 57 S.E.2d 448 (1950); 37 Am.Jur.2d §§ 60–67, at 92–104; 16 A. L.R.3d 1313, § 3.

■ Dabbs asserts in its amended counterclaim that an Estes agent, after conferring with its president, A. G. Estes, represented that "[w]e [Estes] will give you 12½ [cents above loan for your cotton crop]." (Dabbs' amended counterclaim ¶ 3(7)). This statement is claimed to be false as well as the representation that a future contract conforming to the oral agreement for a 12½ cent price would be drawn and ex-

ecuted. Dabbs contends the higher offer was made with no present intention of fulfillment but merely to induce it into executing a contract for sale at "12 cents above loan". Although the purported representations are promissory in nature, the prevailing authority excepts a situation in which fraud is predicated on future promises made with the present intention not to perform. Restatement of Contracts, § 473 at 900; 37 Am.Jur.2d §§ 68–71 at 104–111; 24 A. L.R.3d 1412, 1417, § 5 [b]. This exception to the "futurity" rule has been adopted by the Georgia courts:

> While the mere failure to comply with a promise is insufficient to establish an inceptive fraudulent intent . . . fraud will authorize equity to cancel and annul a deed no matter how solemnly executed. . . . Where, as here, the petition alleges that the promise of the grantee was the consideration inducing execution of the deeds, and that it was made with the present intention on the part of the grantee not to comply with it, such petition sets forth a cause of action for cancellation. (citations omitted).

Sutton v. McMillan, 213 Ga. 90, 95, 97 S.E.2d 139 (1957). More recently, this principle was explained in Nixon v. Brown, 223 Ga. 579, 582, 157 S.E.2d 20, 23 (1967):

> Fraud will authorize equity to annul a deed no matter how solemnly executed. . . . A mere failure to comply with a promise on the part of a grantee is insufficient to establish fraudulent intent. However, where the petition alleges an oral promise by the grantee to perform an act in the future as the inducement or consideration for the execution of the deed by the grantor and where the promise was made with the present intention on the part of the grantee not to comply with it, such petition sets forth a cause of action for cancellation. . . . Appellee's amended petition

clearly alleges that the appellant made an oral promise to perform an act which was a part of the consideration for the execution of the deed and that the appellant had no intention from the beginning to comply with his promise. (citations omitted).

Probably the most succinct statement in this context is found in Hinson v. Hinson, *supra*, 221 Ga. at 292, 144 S.E.2d at 383:

> But when the failure to perform the promised act is coupled with the present intention not to perform, fraud in the legal sense, is present. This is known as *inceptive fraud*, and is sufficient to support an action for cancellation of a written instrument. (emphasis added).

■ The amended counterclaim and crossclaim allege inceptive fraud. Dabbs maintains he was enticed into signing the "twelve cent" contract with Estes by the promise of a subsequent written agreement for sale of the cotton at a price of twelve and one-half cents, although Estes had no intention of fulfilling that promise. Tested by the foregoing legal principles, the assertions of the counterclaim and crossclaim, as amended, are sufficient to support a suit for cancellation of the written contract. Dabbs' amendment cures the deficiencies in the original pleadings and the plaintiff's contention is moot. See, *e. g.*, Blanchard v. West, *supra*, 115 Ga.App. at 815, 156 S.E.2d 164; Gem City Motors, Inc. v. Minton, 109 Ga.App. 842, 844, 137 S.E.2d 522 (1967).

■ Cone argues that the existing contract is valid and expressive of the parties' intent since it is written and Dabbs admits its execution. It is contended that the terms of the contract imply the existence of mutuality, consideration and the place for delivery of the cotton. Even though the terms of an agreement may indicate the existence of a valid contract, it will not stand in the face of proof evidencing fraud in the

procurement of that contract. *E. g.*, Vaughan v. Oxenborg, 105 Ga.App. 295, 299, 124 S.E.2d 436 (1962). If fraudulent misrepresentations induced the execution of the contract, the document would fail to evidence the true intent of the parties. Similarly, if the purported fraud is established, the contract would clearly lack mutuality and consideration. Although Ga.Code Ann. § 20–304 provides that mutual promises may be sufficient consideration for a contract, a nondetrimental promise is inadequate. See Klag v. Home Insurance Co., 116 Ga.App. 678, 158 S.E.2d 444 (1967); Simpson, *supra*, § 56 at 91–95. If Estes had no intention of performing its part of the contract there would be no mutuality and, hence, no binding agreement. These questions can only be answered after a trial on the issues, and Cone's objections are premature.

■ The plaintiff further contends the written contract is valid since it contemplates delivery. Dabbs, however, asserts the instrument is speculative in this respect and violates Ga.Code Ann. § 20–602 which requires that a valid sale for future delivery of cotton or other commodities contemplate actual delivery of the goods. Although this code section, a codification of Ga.Laws, 1929, p. 245, is explicit, it must be read with the uniform commercial code. Ga.Code Ann. § 109A–2–301 provides that: "[t]he obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract." Ga.Code Ann. § 109A–2–308(a) supplies the place for delivery when omitted in a contract: "[u]nless otherwise agreed (a) the place for delivery of goods is the seller's place of business or if he has none his residence. . . ." Cone's objection to the counterclaim's assertion that there is no contemplation of delivery appears to be meritorious.

■ The plaintiff additionally objects to Dabbs' charge that the contract is invalid because at the time of execution, the goods were not in existence and therefore could not be subject to sale.

(Dabbs' counterclaim Para. 7, at 5.) This allegation is supported by the holding that "there can be no sale of an unplanted crop." J. S. Noyes & Co. v. J. Jenkins, 55 Ga. 586 (1875); Huntington v. Chisholm, 61 Ga. 270 (1878). This argument overlooks the subsequent Georgia statute which provides for the sale of future goods. Ga.Code Ann. § 20–601 et seq. Similarly, the more recent adoption of the uniform commercial code clearly contemplates contracts for the sale of goods for future delivery. Ga.Code Ann. § 109A–2–105(2) states:

> Goods must be both existing and identified before any interest can pass. Goods which are not both existing and identified are 'future' goods. A purported present sale of future goods or of any interest therein operates as a contract to sell.

See also Ga.Code Ann. § 109A–2–106(1); Ga.Code Ann. § 109A–2–107(1).

While the Georgia courts apparently have not interpreted Ga.Code Ann. § 109A–2–105(2), a recent Florida case is significant. Quality Fruit Buyers, Inc. v. Killarney Fruit Co., 269 So.2d 424 (Fla.App.1972). There, the court held that a contract whereby the plaintiff agreed to sell 50,000 boxes of oranges which it did not own, for future delivery was not invalid because of the Florida statute similar to Ga.Code Ann. § 109A–2–105(2). This provision, the court determined, does not forbid the sale of fungible goods without specific identification.

Although this contract may be invalid because its execution was fraudulently induced, it does not appear to be inoperative because it involves goods which are non-existent at the time of the execution of the contract.

While there may be some merit to two of Cone's grounds, the counterclaim states a claim upon which relief may be granted and Cone's motion to dismiss and strike is denied. Likewise, the motion of Estes to dismiss and strike the crossclaim is denied.