### 53644. NEWTON BROTHERS, INC. v. SHANK.

SMITH, Judge.

Shank sued for the $3,000 purchase price of eighty storage tanks that Newton Brothers allegedly bought from him. He also asked for recovery of $218.09 owed him as a federal tax refund and allegedly credited to Newton Brothers' account. Newton Brothers denied liability on Shank's two claims and counterclaimed that his prosecution of the suit was in bad faith and an abuse of process. Newton Brothers appeals contending that the court's admission of certain testimony was error, that the court's refusal to send out the pleadings with the jury was an abuse of discretion, and that the weight of the evidence was contrary to the $3,218.09 verdict returned in favor of Shank. We find no error and affirm.

1. The court did not err in admitting into evidence Shank's testimony that he had received offers of

compromise from appellant. The court allowed that testimony to be considered only as rebuttal of appellant's counterclaim that appellee's suit was in bad faith and an abuse of process. The jury was instructed to consider the testimony only for that purpose and not as an admission of liability.

2. The court inquired of appellant whether he wished to object to appellee's introduction of evidence tending to show appellant's liability for the $3,000 claim on implied contract, an issue which appellee did not raise in his complaint. Appellant declined to object, and the pleadings were therefore deemed amended to include that issue. Civil Practice Act § 156 (Code Ann. § 81A-156). After the close of the evidence, appellant asked that the jury be allowed to consider the pleadings, which he claimed to be vital to the counterclaim for abuse of process. Since the pleadings as written did not mention implied contract and thus did not represent the issues tried, and since Newton Brothers did not ask to have the pleadings introduced into evidence, the court refused to allow the pleadings to go out with the jury. This refusal was not an abuse of discretion.

3. There being evidence in support of the verdict, this court will not disturb it. *Worn v. Sea-Cold Services*, 135 Ga. App. 256 (217 SE2d 425).

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED APRIL 4, 1977 — DECIDED JUNE 27, 1977 — REHEARING DENIED JULY 21, 1977 —

*John S. Noell, Jr.,* for appellant.
*Guy B. Scott, Jr., Orr & Kopecky, Wilbur A. Orr,* for appellee.