58492, 58493. SLIGH v. WESTERN ELECTRIC COMPANY, INC. et al. (two cases).

QUILLIAN, Presiding Judge.

The plaintiff appeals from an adverse judgment entered pursuant to a jury verdict in a personal injury

action. *Held:*

1. Although appeal was taken from a judgment of May 23, 1979, (Appeal No. 58493) and an amended judgment of June 8, 1979 (Appeal No. 58492), we consider this as basically one appeal.

2. During the course of his instructions to the jury the trial judge charged as follows: "I charge you that if the plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the defendant's negligence, the plaintiff is not entitled to recover; however, the plaintiff's duty to exercise ordinary care to avoid the consequences of the defendant's negligence does not arise until the defendant's negligence exists and the plaintiff knew or in the exercise of ordinary care should have known of such negligence." The sole enumeration of error asserts this charge was error since the avoidance doctrine, was not pleaded and there is no evidence to support it.

The rule is well established that where an issue is raised by the evidence a charge on the subject is authorized notwithstanding a failure of the pleadings to present such issue. *Taber Mill v. Southern Brighton Mills,* 49 Ga. App. 390, 399 (15) (175 SE 665); *Massee v. State Farm &c. Ins. Co.,* 128 Ga. App. 439 (4) (197 SE2d 459); *Mickle v. Moore,* 193 Ga. 150, 155 (17 SE2d 728). Code Ann. § 81A-115 (b) (CPA, Ga. L. 1966, pp. 609, 627; as amended through 1972, pp. 689, 694). Moreover "where there is some evidence to show the existence of a certain state of facts, it is not error for the court to charge in reference thereto simply because the great preponderance of evidence tends to show that the supposed state of acts did not in truth exist." *Lyles v. State,* 130 Ga. 294 (8) (60 SE 578). Accord, *Bowie Martin Inc. v. Dews,* 73 Ga. App. 73, 76 (35 SE2d 577); *Joyce v. City of Dalton,* 73 Ga. App. 209 (2) (36 SE2d 104).

Here there was evidence presented which would tend to show the defendant's servant was negligent in unfastening a "T" bolt which secured the "frame" or "bay" which fell upon the plaintiff injuring him. The plaintiff testified "Well, the frame started rocking and somebody hollered 'It's falling,' and everybody grabbed it and we couldn't hold it and it fell, and everybody — well, I was

right in the middle of the frame and there was nobody on my side. So when it rocked I just put everything I had trying to get it — because there was no where I could go trying to secure it; and when it fell, I just dove for the opening and didn't make it." From this testimony a jury might have concluded that, while the defendant was negligent in unfastening the bolt, the plaintiff failed to exercise ordinary care in avoiding the consequences of defendant's negligence by trying to hold the frame rather than getting out of the way.

Another version of the incident was that the plaintiff and several others moved the "frame" some several feet from its original location before it fell. The defendant's servant stated he was planning to tie a rope to the "frame" to assist in lowering it but never accomplished this act. Again the jury would have been authorized to find the defendant was negligent in not attaching a rope to the "frame," but that the plaintiff failed to avoid the consequences of defendant's neglect by endeavoring to move the "frame" before the rope was fastened to it.

The evidence in this case was sometimes ambiguous and was contradictory as to the details of what transpired. However, since there were at least two theories presented by all the evidence adduced on which the charge could have been predicated it was not error to instruct the jury as to the avoidance doctrine.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED<br>OCTOBER 26, 1979.

*L. B. Kent,* for appellant.
*Howell Hollis,* for appellees.