## 66533. HILLIS v. FIRST NATIONAL BANK OF WAYNESBORO.

SHULMAN, Chief Judge.

This appeal followed the grant of summary judgment to appellee in an action for a deficiency judgment. Appellant argues that the trial court erred when it granted the motion for summary judgment without holding a hearing thereon. In light of this court's opinion in *Premium Distrib. Co. v. Nat. Distrib. Co.,* 157 Ga. App. 666 (278 SE2d 468), and the somewhat scanty record before us, we are constrained to agree with appellant.

It is ascertainable from the record that appellee moved for summary judgment and notified appellant that a hearing on the motion would be held on December 8, 1982, more than 30 days from the date of the motion. Compare *Peoples Financial Corp. v. Jones,* 134 Ga. App. 649 (215 SE2d 711). In the order which granted summary judgment to appellee, the trial court noted that the motion had come before the court and that the parties had had the opportunity to submit briefs. After examining the pleadings, appellee's affidavit and brief, and the applicable law, the trial court determined that there was no genuine issue of material fact and awarded summary judgment to the movant.

This court has held that OCGA § 9-11-56 (Code Ann. § 81A-156) "requires that a hearing date be set and a hearing conducted before a motion for summary judgment is granted. The failure of a trial court to do so is error . . . The obvious purpose of a hearing on a motion for summary judgment is to provide counsel with an opportunity to persuade the court and to provide the court with an opportunity to interrogate counsel." *Premium Distrib. Co. v. Nat. Distrib. Co.,* supra at 669-670.

The record and the appellate briefs of the parties reflect that, while a hearing on the motion was scheduled and the parties notified, no hearing was actually held. Facts supporting the possibility that the appellant may have waived his right to a hearing are only raised in appellee's brief, which cannot be considered as part of the record on appeal. *Columbus Personnel Serv. v. Gachette,* 158 Ga. App. 298 (279 SE2d 746). We conclude that the appropriate course of action is to remand the case to the trial court for a determination as to whether

appellant waived his right to a hearing on appellee's motion for summary judgment. See *Hill Aircraft &c. Corp. v. Planes, Inc.,* 158 Ga. App. 151 (1) (279 SE2d 250).

In view of the result, the motion for damages for a frivolous appeal made pursuant to OCGA § 5-6-6 (Code Ann. § 6-1801) is hereby denied.

*Case remanded with direction. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 14, 1983.

*Jerry M. Daniel,* for appellant.
*Preston B. Lewis, Jr.,* for appellee.