## 68617. HARPER et al. v. BIRMINGHAM TRUST NATIONAL BANK.

Deen, Presiding Judge.

William C. and Carol J. Harper appeal from an order granting summary judgment in favor of Birmingham Trust National Bank. The bank contends that appellants defaulted in making payments on a note in August 1981, and that after giving appellants notice of default, it filed suit to recover the indebtedness on October 26, 1981. In September of 1982, appellee filed a motion for summary judgment contending appellants were indebted to it in the amount of $11,929.50. (This amount included principal, earned interest, late

charges and attorney fees.) William Harper filed an affidavit in opposition to the motion claiming that the bank had a right of redemption but failed to exercise it. The original hearing was scheduled for November 9, 1982, but it was rescheduled for March 20, 1984, because of the judge's illness. On February 2, 1984, one day after the hearing was rescheduled, the trial court entered an order granting appellee's motion. Appellant contends the court erred in granting the motion without conducting a hearing as required under OCGA § 9-11-56 (c) (Code Ann. § 81A-156 (c)). *Held*:

It was error for the trial court to fail to hold a hearing on the motion for summary judgment. *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666, 670 (278 SE2d 468) (1981); *Smith v. Conley*, 152 Ga. App. 589 (263 SE2d 453) (1979). To warrant reversal, however, appellant must also show harm. *Premium Distrib. Co. v. Nat. Distrib. Co.*, supra. OCGA § 9-11-56 (c) requires affidavits to be filed prior to the day of the hearing. *Gross v. Pyrofax Gas Corp.*, 151 Ga. App. 130 (259 SE2d 137) (1979). In the instant case, appellants state that they expected to appear at the hearing and furnish further affidavits at the hearing. They do not state what they expect these affidavits to prove or raise in the way of a defense to appellee's complaint. They also do not argue that the grant of summary judgment in favor of the appellee as the record now stands was improper. In *Brown v. Ga. State Bank*, 141 Ga. App. 570 (234 SE2d 151) (1977), this court held that a creditor who holds a promissory note is not put to an election of remedies as to whether he shall sue on the note or exercise his right of redemption contained in the deed, but he may do either or both until the debt is satisfied.

As appellants have not shown harm by the denial of their right to a hearing, a reversal is not demanded.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JULY 12, 1984.

*Harmon T. Smith, Jr.*, for appellants.
*J. Randall Frost, Charles S. Wynne*, for appellee.