68693. HOSCH v. PICKETT et al.
(321 SE2d 777)

BIRDSONG, Judge.

Dismissal of Appeal — Notice of Hearing. Shirley Hosch was injured in an automobile which was involved in an accident with two other cars, one apparently being operated by Pickett and the other by Gandy. Hosch brought suit against Pickett and Gandy. After a trial by jury, verdict was entered against Pickett on October 18, 1982, and in favor of Hosch in an amount of $350,000. This verdict and judgment has not been appealed by Pickett and is final. Also on October 18, 1982, the jury entered verdict in favor of Gandy and against Ms. Hosch. The court reserved entry of final judgment apparently to consider a prayer by Ms. Hosch for costs of litigation and attorney fees,

but entered an interim judgment of $350,000 against Pickett and the judgment in favor of Gandy subject to the determination of costs and attorney fees. Ms. Hosch filed a notice of appeal to those interim judgments in November 1982. Gandy moved to dismiss that appeal as being premature inasmuch as the trial court had reserved the issue of costs and attorney fees. Since the record does not reflect Ms. Hosch's actions as to that notice of appeal, we must surmise she abandoned it. The trial court entered final judgment on January 18 confirming the monetary judgment against Pickett and the judgment in favor of Gandy and denied the costs and attorney fees. In due time, Ms. Hosch entered a motion for new trial and to vacate judgment.

Apparently throughout the entire trial process, the case had been in the bosom of Judge Fuller of the DeKalb Superior Court, and the final order of January 18, 1983, was issued and signed by Judge Fuller. In January 1983, the DeKalb Superior Court adopted unanimously new rules of court to become effective March 1, 1983. In pertinent part, those rules provided for a random selection of judges for each case presented to that court, the clerk to assign each new case on a rotational basis. The rules provided that once assigned to a judge, a case would be processed through to completion by that judge. The rules also provided that under appropriate circumstances, a case could be reassigned to another judge of that court, with his consent. The rules made no clear reference to cases already tried but still pending at the time of the adoption of the new rules. It should be noted that final action in this case had already been taken, including judgment on a jury verdict, before the effective date of the rules.

Though Ms. Hosch filed her motions for new trial and vacation of judgment in February 1983, no action was taken thereon until November 1983, at which time Judge Federal of the DeKalb court overruled the motions. The record contains no explanation as to why the case was reassigned to Judge Federal. During the intervening time, Gandy filed (in September 1983) a motion to dismiss Ms. Hosch's motions for new trial and vacation on the grounds that Ms. Hosch had done nothing to perfect or support her motions. It is undisputed that Ms. Hosch did not seek a copy of the transcript of the proceedings nor a delay in the time allowed for such filing prior to the dismissal and denial of these two motions, nor was a hearing ever held on the motions. The trial court concluded that Ms. Hosch had not made a reasonable effort to secure the trial transcript which was essential to a consideration of the motions; and that Ms. Hosch had not taken any other actions indicative of a desire to prosecute the motions. The court (Judge Federal) found therefore an abandonment of the motions and granted Gandy's motion to dismiss and denied the motions on the merits as to Ms. Hosch. Ms. Hosch filed a notice of appeal to these last rulings in December 1983.

In February 1984, for the first time, Ms. Hosch filed a Motion for Extension of Time for Filing a Transcript (some 15 months after the verdict and original judgment). Gandy responded by filing a motion to dismiss the appeal for unreasonable and inexcusable neglect in filing a transcript in support of an appeal. Two days after the filing of the motion to dismiss by Gandy, Judge Federal granted the motion to dismiss the appeal, however, without hearing or notice of hearing to Hosch. Ms. Hosch now appeals the dismissal of her motions to vacate judgment and new trial, the denial of her motion for extension of time and the dismissal of her appeal, all without affording her a hearing. She further urges error in that she contends Judge Federal violated the rules of his own court by assuming the judicial responsibility of the judge to whom the case originally had been assigned. *Held*:

1. We find no procedural error in the actions of Judge Federal assuming jurisdiction over this case and entering orders therein. In the first place, the new rules did not become effective until after the final order confirming the October 1982, judgments had been entered. Thus, we are not assured that the March 1983, rules applied to this case. However assuming arguendo that the spirit of the rules was clear and they were thus applicable to the motions filed by Ms. Hosch, we still find no error. The rules of March 1983 provided that for appropriate reason the case could be reassigned from one judge to another and the second judge then became the assigned judge.

The record in this case is wholly silent as to the reason Judge Federal assumed jurisdiction over the case originally assigned to Judge Fuller. In the face of a silent record, we must and will presume that a public official properly performed the duties assigned to him. *Bank of Clearwater v. Kimbrel*, 240 Ga. 570, 572 (242 SE2d 16). Without contrary evidence, we will presume that Judge Federal acted in accordance with the rules of his court. *Moody v. Mendenhall*, 238 Ga. 689, 692 (4) (234 SE2d 905). To presume that Judge Federal did not act in accordance with court rules solely because another judge had acted initially on the case would require us to presume illegal actions. That is wholly inapposite to the presumption of regularity we are obligated to apply in the absence of contrary evidence.

2. We experience more concern with the second basis of Ms. Hosch's appeal. OCGA § 5-6-48 (c) provides in part: "No appeal shall be dismissed . . . because of failure of any party to cause the transcript of evidence . . . to be filed within the time . . . but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." Several cases have considered this rule and its application. However, in each of these cases, the trial court has held a hearing on the motion to dismiss and entered its

order only after such a hearing and a consideration of the evidence and arguments of counsel. See *Middleton v. Continental Development Corp.*, 153 Ga. App. 144 (264 SE2d 689); *Strother v. C. & S. Nat. Bank*, 147 Ga. App. 140 (248 SE2d 204). While these cases do not consider the impact of the failure to grant respondent a hearing on the motion, we believe the reasoning of the court in *Hillis v. First Nat. Bank of Waynesboro*, 168 Ga. App. 408 (309 SE2d 404) is equally applicable even though it concerned a motion for summary judgment. In that case appellant argued that the trial court erred in granting a motion for summary judgment without holding a hearing thereon. In consideration of the language used by this court in *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666 (278 SE2d 468), this court held in *Hillis* that where the language of the statute required a hearing date be set and a hearing conducted on the merits of the motion, the failure to conduct the hearing is error. The obvious purpose of such a hearing is to provide counsel with an opportunity to persuade the court and to provide the court with an opportunity to interrogate counsel. While there is persuasive evidence to support a finding that Ms. Hosch was not diligent in seeking a copy of the transcript or in seeking a delay pending the receipt thereof, we cannot speculate what the trial court in the exercise of its discretion might have done after considering any evidence and arguments at a hearing. The appropriate course of action is to remand the case to the trial court for a determination whether, after considering Ms. Hosch's explanation, the delay in forwarding the transcript was both unreasonable and inexcusable. *Hillis*, supra.

*Judgment reversed and case remanded with direction. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 5, 1984.

*Larry Cohran*, for appellant.
*Elmer A. Simpson, Jr., Edward L. Savell*, for appellees.