70556. C & W LAND DEVELOPMENT CORPORATION
v. KAMINSKY.
(334 SE2d 362)

CARLEY, Judge.
Appellee and appellant-defendant corporation entered into a contract whereby appellee participated in the financing of the development of a subdivision. Pursuant to that agreement, appellee was to loan appellant a sum of money to build Phase I of the project. In exchange, appellee would receive the return of his principal, along with interest and 25% of the profits of Phase I. The contract further provided that if Phase II of the subdivision were developed, appellee would have the option to participate in its financing on the same terms as applied to Phase I. Phase I was financed and developed as contemplated by the agreement. By virtue of a collateral agreement between the shareholders of appellant and its president, defendant Williams, appellee's share of the profits was paid out of the share Williams was to receive.

When Phase II of the subdivision was developed, appellee did not participate in the financing, and no Phase II profits were paid to him. Consequently, appellee instituted the instant civil action against corporate president Williams and appellant. Appellee alleged in his complaint that he had orally agreed with Williams to allow appellant's shareholders to finance Phase II only if appellee would still receive his share of the Phase II profits as provided in his contract with the corporation. The case proceeded to trial, and special interrogatories were submitted to the jury. The jury found that Williams and appellee had agreed that certain shareholders could finance Phase II as long as appellee received 25% of the profits therefrom, and that Williams did not exceed the scope of his authority as president of appellant corporation in making that agreement. Appellant appeals from the judgment entered on the jury's verdict which awarded appellee

25% of the Phase II profits.

1. Appellant first enumerates as error the denial of its motion for directed verdict.

Appellee's complaint included a prayer that appellant be declared a trustee of certain undisbursed Phase II profits for the use and benefit of appellee. Appellant contends that there was no evidence that it held any funds for that purpose. However, there was evidence that the corporation had retained certain Phase II profits which would otherwise have been disbursed to defendant Williams. These funds were held by appellant corporation pursuant to a written agreement with Williams which expressly contemplated a suit by appellee against the corporation to recover a portion of the Phase II profits. In addition to that written agreement, there was also testimony that the undispursed profits had been retained to protect the corporation against appellee's claim.

Appellant further contends that there was no evidence that defendant Williams was acting on behalf of the corporation when and if he made an oral agreement with appellee regarding the Phase II profits. However, there was evidence that Williams was president of appellant corporation, and that he was authorized to execute any and all contracts by and on behalf of appellant. He acted in his corporate capacity when he originally arranged the financing for the development of the subdivision. When he made the alleged subsequent oral agreement regarding the Phase II profits, he was still president of the corporation. Appellee testified that he discussed his participation in the Phase II profits with the secretary of the corporation, and that she never told him that Williams did not represent the corporation.

"A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. [Cits.]" *Carver v. Jones,* 166 Ga. App. 197, 199 (303 SE2d 529) (1983). "The standard of appellate review of the trial court's denial of a motion for a directed verdict is the 'any evidence' standard. [Cit.]" *United Fed. Savings &c Assn. of Waycross v. Connell,* 166 Ga. App. 329, 330 (304 SE2d 131) (1983). Since there was some evidence that defendant Williams acted on behalf of the corporation in making the oral agreement with appellee, and there was also some evidence that appellant held funds upon which a trust for the use and benefit of appellee could be imposed, a verdict in favor of appellant was not demanded. The trial court did not err in denying appellant's motion for directed verdict.

2. Error is enumerated upon the special verdict form which was submitted to the jury.

Appellant contends on appeal that the special interrogatories did not permit the jury to determine whether defendant Williams acted

individually or in his corporate capacity when he entered into the oral agreement with appellee. At trial, however, appellant's objection was that the verdict form did not comport with the relief sought in the complaint, which was to have appellant declared a trustee of the undisbursed profits for the use and benefit of appellee. Appellant having failed at trial to raise the particular objection to the verdict form which is now urged on appeal, any error has been waived. *Cline v. Kehs*, 146 Ga. App. 350, 351 (3) (246 SE2d 329) (1978). See also *Frostgate Warehouses v. Cole*, 244 Ga. 782 (262 SE2d 98) (1979).

Furthermore, OCGA § 9-11-49 (a) provides in pertinent part that "[i]f in [submitting special interrogatories] the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issues so omitted unless before the jury retires he demands its submission to the jury." The transcript of the instant case reveals that appellant made no such timely demand. Accordingly, appellant waived its right to have the agency issue determined by the jury. Compare *Cline v. Kehs*, supra at 352 (6).

3. Appellant enumerates as error the trial court's charges to the jury with regard to corporate capacity and agency. Appellant objected to those charges on the ground that corporate authority or capacity was not an issue in the case. Our examination of the record reveals that appellant raised the issue of Williams' authority to bind the corporation in its own answer. Additionally, evidence concerning defendant Williams' corporate capacity, authority, and agency was introduced by appellee without objection from appellant. The complaint was accordingly amended to conform to the evidence and raise the issue. OCGA § 9-11-15 (b); *Plank v. Bourdon*, 173 Ga. App. 391, 393 (1) (326 SE2d 571) (1985). Since the issue was so raised, charges thereon were properly given. *Sligh v. Western Elec. Co.*, 152 Ga. App. 77, 78 (262 SE2d 244) (1979).

On appeal, appellant specifically complains of a certain charge concerning the inducement underlying appellee's waiver of his option to finance Phase II. (T. 112) Insofar as this charge can be deemed to relate to the issue of agency and corporate authority, it was properly given in accordance with the principles set forth herein. Insofar as the charge relates to any other issue in the case, no objection was made, thus precluding consideration on appeal. *American Family Life Assur. Co. v. Queen*, 171 Ga. App. 870, 875 (10) (321 SE2d 750) (1984).

4. The pleadings were not sent out with the jury during its deliberations. Appellant contends that the complaint should have been submitted to the jury for its consideration of certain purported admissions contained therein.

It does not appear that the allegations of the complaint were read to the jury, nor was it given any instructions concerning admissions made in pleadings. If appellant desired that the jury be instructed in

that regard, a specific request for such a charge should have been made. See *Georgia Power Co. v. Rabun*, 111 Ga. App. 63, 68 (3) (140 SE2d 568) (1965); *Crane v. Doolittle*, 116 Ga. App. 572, 573 (2) (158 SE2d 426) (1967). Since the jury received no instruction to guide a consideration of admissions in pleadings, it cannot be said that the trial court abused its discretion in refusing to submit to the jury the pleading in which the purported admissions appeared.

Appellant also contends that the complaint should have been sent out with the jury because of the limited nature of the claim stated against appellant. As previously mentioned, the complaint alleged liability on the part of appellant corporation only as trustee of the undisbursed profits. However, as discussed in Division 3 herein, appellee's complaint was amended by the introduction without objection of evidence regarding corporate capacity, authority, and agency. "Since the pleadings as written did not [specifically allege corporate liability arising from defendant Williams' actions within the scope of his authority] and thus did not represent the issues tried, and since [appellant] did not ask to have the pleadings introduced into evidence, the [trial] court refused to allow the pleadings to go out with the jury. This refusal was not an abuse of discretion." *Newton Bros. v. Shank*, 143 Ga. App. 21, 22 (2) (237 SE2d 412) (1977), vacated on other grounds, 240 Ga. 471 (241 SE2d 231) (1978).

5. Appellant asserts that the trial court erred in molding the judgment to conform to the verdict. This enumeration of error does not appear to be supported by argument or by citation of authority and is deemed abandoned under Court of Appeals Rule 15 (c) (2). *Young v. Southern Bell Tel. &c. Co.*, 168 Ga. App. 40, 41 (2) (308 SE2d 49) (1983).

6. The trial court did not err in overruling appellant's motion for judgment n.o.v., or alternatively to remold the judgment, or alternatively for new trial. The verdict was supported by some evidence, and the judgment entered conformed to the verdict returned by the jury. See OCGA §§ 9-11-54 (c) (1); 9-12-9.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Walter C. Alford*, for appellant.

*Robert W. Beynart, Patricia E. Ratner, Claude E. Hambrick*, for appellee.