71610. THOMAS v. CARLISLE.
(346 SE2d 79)

BENHAM, Judge.

Appellant brought this legal malpractice action against appellee, alleging that appellee's representation of him in a criminal matter was negligent because appellee did not disclose that he was, at the same time, the City Attorney for the City of Cairo. This appeal is from the grant of summary judgment to appellee.

1. The trial court's order granting summary judgment to appellee and denying appellant's cross-motion for summary judgment recited that the trial court had taken judicial notice of the record of the criminal case in which appellee represented appellant and cited *Petkas v.*

*Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984), as authority for that action. Appellant asserts that the application of that authority to cases prosecuted by pro se litigants deprives such litigants of their right to access to the courts. Appellant does not, however, explain how his rights are violated by the trial court's judicial notice of the record of another case, and we see no such violation. Nothing in the language of *Petkas* indicates that it is to be applied only to the records of civil cases, and we find no harm to appellant in the application of that case to this one.

2. Appellant's enumeration of error concerning the denial of his petition for a writ of habeas corpus ad testificandum is not supported by argument or citation of authority and is, therefore, deemed abandoned. *C & W Land &c. Corp. v. Kaminsky*, 175 Ga. App. 774 (5) (334 SE2d 362) (1985).

3. Appellant has enumerated as error the trial court's grant of appellee's motion for summary judgment and the denial of appellant's cross-motion. We find no error.

Appellant's argument that appellee's position of City Attorney for the City of Cairo created such an inherent conflict of interest that it demanded judgment in his favor is not in accord with recent pronouncements of the Supreme Court. In *Hudson v. State*, 250 Ga. 479 (1) (299 SE2d 531) (1983), in which defense counsel was also the solicitor of the state court, the Supreme Court held that a defendant must show an actual conflict of interest. Although appellant filed a brief in the trial court arguing the existence of such a conflict, that argument is not supported by any evidence in the record before us. Consequently, that argument must fail here as it did below.

In support of his motion for summary judgment, appellee filed his own affidavit to the effect that his representation of appellant complied with applicable standards of professional competence. Such an affidavit by a defendant in a legal malpractice action, if not contradicted by expert testimony, will authorize summary judgment for the defendant attorney. Since appellant offered in opposition only his own affidavit, which was largely conclusory in nature, appellee was entitled to judgment as a matter of law. *Yates v. Carlisle*, 171 Ga. App. 206 (319 SE2d 71) (1984).

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

Reading appellant's enumeration of errors and brief together in this pro se appeal by a prisoner, I would not rule that he has abandoned the claim that the trial court erred in refusing to grant the writ ad testificandum. His argument is that he had to represent himself in this case and should have had the court's assistance, by way of the

grant of a writ, in obtaining his presence for argument and testimony.

It is his position that the reason he had to appear in person on defendant's motion for summary judgment was that the free legal aid available to him was inadequate and also that members of the bar would not give affidavits against their brethren in legal malpractice cases. Thus he needed to give live testimony himself, he argued, to show that defendant did not represent him in the criminal proceeding in accordance with the law and the State Bar Rules. This, and the court's taking judicial notice of the criminal trial record, violated his right "to access to the court" under the Georgia Constitution. It provides: "No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." 1983 Ga. Const., Art. I, Sec. I., Par. XII.[1]

1. I am not persuaded by appellant's argument that the court's denial of the writ, which is only implied since the court did not expressly rule on it but did rule on the motion for summary judgment without plaintiff's presence, violated a state constitutional right. Although a court may allow oral evidence on a motion for summary judgment, it is not required to do so. *Johnson v. Aetna Fin.*, 139 Ga. App. 452, 453 (2) (228 SE2d 299) (1976). Appellant did not show that his testimony could not have been presented by affidavit. As far as oral argument is concerned, he does not show any harm attributable to his not being heard orally, because the motion was considered on the pleadings, briefs, and record, without hearing.[2] See OCGA § 9-11-56 (c). See also *Smith v. Conley*, 152 Ga. App. 589 (263 SE2d 453) (1979). Harm must be shown to warrant reversal. *Harper v. Birmingham &c. Bank*, 171 Ga. App. 618 (320 SE2d 622) (1984).

2. I agree with the majority with respect to Division 1, except that I believe we have an obligation to state that we are deciding the issue on state constitutional grounds. *Michigan v. Long*, 463 U. S. 1032 (103 SC 3469, 77 LE2d 1201) (1983). Appellant argued that the court's taking judicial notice of the record in the criminal trial violated the same provision regarding access to the courts as recited above.[3]

He asks that we overrule *Petkas v. Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984), but of course we cannot do so as it is a decision of the highest court of this state. 1983 Ga. Const., Art. VI, Sec. V, Par.

---

[1] Its meaning is discussed in *Nelms v. Georgian Manor Condo. Assn.*, 253 Ga. 410 (321 SE2d 330) (1984).

[2] The motion for summary judgment here was filed prior to July 1, 1985, the effective date of the Uniform Rules for the Superior Courts, so we need not address the impact of Rule 6.3 on the right to a hearing on motions for summary judgment.

[3] He raised no federal constitutional issue in this case.

III; Art. VI, Sec. VI, Par. VI. And it is not a case that can be said to be distinguishable so that its holding does not apply here. Moreover, although it was a civil case, one of the citations it noted was its own case of *State v. Brinson*, 248 Ga. 380 (4) (283 SE2d 463) (1981), wherein the record of a criminal case was allowed by way of judicial notice.

3. As to the malpractice, appellant claims that there was an inherent conflict of interest in the defendant's representing him in the criminal case at the same time he was city attorney of Cairo. This, appellant argues, violated the State Bar Rules and the Georgia Constitution. As to the latter, he refers to the provision that "Public officers are the trustees and servants of the people and are at all times amenable to them." 1983 Ga. Const., Art. I, Sec. II, Par. I. I agree with the majority that an inherent conflict does not exist, ipso facto, and that none was shown.

DECIDED MAY 22, 1986 —
REHEARING DENIED JUNE 9, 1986.

Franklin B. Thomas, *pro se.*
*M. Lee Cheney, E. Clayton Scofield III*, for appellee.