71797, 71798. SPIKES v. CITIZENS STATE BANK (two cases).
(347 SE2d 310)

BENHAM, Judge.

Appellant, Johnny Spikes, allegedly made an oral agreement with his uncle, Bobby Spikes, in March 1975 that Johnny would pay the arrearage and make regular payments on a note Bobby executed in 1972. The note, held by appellee Citizens State Bank ("Citizens"), was backed by a deed to secure the debt for a piece of real estate appellant's uncle owned. Bobby allegedly agreed to execute a warranty deed to appellant for the property in exchange for the note payments. Appellant further alleged that an agent of appellee Citizens consented to the agreement between Bobby and appellant, and promised to execute and deliver the deed to appellant for Bobby. Appellant moved onto the property and began making payments, although he did not have the deed. Citizens did not execute and deliver the deed as promised and in 1978 instituted foreclosure proceedings against the real property to recover on the 1972 note and a 1976 note

that Bobby made, both of which were in arrears at that time and were secured by the property. After the foreclosure proceedings began, appellant's uncle executed a deed to Kingsland Church of God ("Kingsland") in exchange for its payment of the full amount still owed on both of the notes. Kingsland then filed suit against appellant to gain possession of the property. Appellant filed suit against Citizens, claiming it fraudulently misrepresented that it would prepare and deliver the deed if he assumed his uncle's 1972 loan payments. The trial court consolidated the cases, and after discovery Citizens filed a motion for summary judgment, to which appellant did not respond. The trial court granted judgment in favor of Citizens, and appellant seeks a reversal. We affirm.

1. Appellant contends that Citizens' motion for summary judgment should not have been granted because an oral hearing was not held and no 30-day notice of hearing was given, citing OCGA § 9-11-56 and *Ferguson v. Miller*, 160 Ga. App. 436 (287 SE2d 363) (1981). He further argues that the Uniform Court Rules of the Superior Court ("Rules") 6.2 and 6.3 conflict with OCGA § 9-11-56 insofar as they attempt to remove one's right to notice and a hearing on summary judgment motions. We do not find that the Rules conflict with OCGA § 9-11-56 as appellant contends. Moreover, we conclude that appellant did receive adequate notice of the hearing and that he chose to ignore it, which resulted in the trial court's ruling on the motion without his response.

The Rules, created in accordance with the directive of Art. VI, Sec. IX, Par. I of the 1983 Georgia Constitution, apply to all parties and attorneys who have business in the various superior courts of this state. In this way the Rules differ substantially from the myriad local rules under which the various courts had been operating until July 1, 1985. On that date, all persons who used the superior courts were deemed to have knowledge of the Rules and were expected to comply with them. Rule 6.2 requires a party who opposes a motion to file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion unless otherwise ordered by the trial judge. The rule does not conflict with OCGA § 9-11-56 (c), which requires that "the motion be served at least 30 days before the time fixed for hearing," nor does the rule impose any new requirement on a party; now, as before, he may choose not to respond and run the risk of having judgment rendered against him. Rule 6.2 puts parties on notice that the time for hearing will be no less than 31 days after service of the summary judgment motion unless otherwise ordered, since the trial judge would by that time have received the opposing party's response to the motion. The rule also provides an opportunity to be heard, by allowing a 30-day period for response to the motion. The hearing would be by means of the trial court's review

of the parties' contentions as filed, since a "hearing" does not necessarily mean an oral hearing or argument, but contemplates notice to the respondent that the matter will be heard and taken under advisement as of a certain day. *Ferguson v. Miller*, supra at 437.

If appellant wanted to present oral argument, all he needed to do was request it in writing as provided in Rule 6.3 and it would have been permitted. Rule 6.3 does not conflict with OCGA § 9-11-56, since it does not "[require] that litigants seek a hearing or waive it, [nor does it invest] the trial court with discretion to deny to parties a right granted by statute." *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666, 669 (278 SE2d 468) (1981). "The obvious purpose of a hearing on a motion for summary judgment is to provide counsel with an opportunity to persuade the court and to provide the court with an opportunity to interrogate counsel." Id. at 670. Rules 6.2 and 6.3 meet that purpose.

Our review of the record reveals that appellant's failure to comply with Rules 6.2 and 6.3 resulted in his loss of opportunity to persuade the trial court. It is undisputed that appellant did not file a response pursuant to Rule 6.2. Neither did he file a written request for oral hearing pursuant to Rule 6.3. The trial court entered summary judgment in appellee's favor on August 23, more than two months after appellee's motion was filed. Under the circumstances, appellant had sufficient notice that judgment was imminent and gave up his opportunity to be heard. See *Premium Distrib. Co.*, supra.

In his briefs, appellant claims that he offered to respond to the motion. We cannot consider appellant's "Exhibit A," a copy of a letter dated August 14, 1985, in which he says he could respond to the motion in the next two weeks, as part of the record since it was not included therein. *Strickland v. American Motorists Ins. Co.*, 149 Ga. App. 690 (256 SE2d 92) (1979). Since appellant failed to comply in any way with the Rules under which he was supposed to operate, he cannot be heard to complain that the wheels of justice have rolled over him.

2. Appellant contends that even if the Rules apply to his situation, the trial court nevertheless committed reversible error in granting Citizens' motion for summary judgment. We disagree. Pretermitting whether or not the action was barred by the statute of frauds, as appellant contends, the gravamen of appellant's complaint was that Citizens' agent made a fraudulent misrepresentation to him that the agent would have a warranty deed prepared, executed and delivered to appellant conveying Bobby's interest in the realty to appellant if appellant made the payments on Bobby's bank note, and that on one occasion the agent allegedly represented that the deed would be prepared and delivered to appellant when he had made payments totaling $1,200. In his deposition, appellant testified that at the time the

agreement was made, he paid $200 to Citizens; that his uncle signed something at the bank that the bank's agent said was a deed, but that there were no other witnesses or notary present at the time of signing; and that he did not ask to read the document. Appellant also admitted that he never asked his uncle whether he had executed a deed to him for the property, nor did he ask him to do so when the deed was not forthcoming from Citizens as he allegedly expected. Citizens denies that it ever agreed to prepare and deliver the deed. It is clear that, even if Citizens made the agreement with appellant, the misrepresentations allegedly made to appellant were promises as to future events and therefore are not a sufficient basis for actionable fraud and deceit. *Phillips v. Atlantic Bank &c. Co.*, 168 Ga. App. 590 (1a) (309 SE2d 813) (1983); *Hornsby v. First Nat. Bank*, 154 Ga. App. 155 (4) (267 SE2d 780) (1980). Furthermore, in an action for fraud and deceit, the complaint must show that one who relied upon the representations of another used the means available to him in the exercise of diligence to discover the truth, and one who fails to inform himself, but has equal opportunity to learn the truth, must suffer the consequences of his neglect. *Blanchard v. West*, 115 Ga. App. 814 (2) (156 SE2d 164) (1967). There being no such allegations in the complaint and appellant's own testimony showing that he failed to exercise due diligence on his part, the trial court did not err in granting Citizens' summary judgment motion.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree with the opinion but believe it should be pointed out that the new rules approved by the Supreme Court modify somewhat our previous view that an oral hearing is required unless waived. In *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666, 668-669 (278 SE2d 468) (1981), we stated and held: "Our reading of Code Ann. § 81A-156 reveals a clear legislative intent that a hearing be held at which oral argument may be made . . . The language [of the statute] . . . indicates strongly that a hearing is to be held for the benefit of the parties and for the benefit of the court . . . We hold that Code Ann. § 81A-156 requires that a hearing date be set and a hearing conducted before a motion for summary judgment is granted. The failure of a trial court to do so is error." Accord *Hillis v. First Nat. Bank of Waynesboro*, 168 Ga. App. 408 (309 SE2d 404) (1983); *Harper v. Birmingham Trust Nat. Bank*, 171 Ga. App. 618, 619 (320 SE2d 622) (1984); *Sentry Ins. v. Echols*, 174 Ga. App. 541 (1) (330 SE2d 725) (1985). See also *Hosch v. Pickett*, 172 Ga. App. 13, 15 (2) (321 SE2d 777) (1984).

Decided June 24, 1986.

*Phillip M. Eddings, Stephen L. Berry*, for appellant.
*Gerald E. Wilkerson, John J. Ossick, Jr.*, for appellee.