A97A0654. LAVERSON v. MACON BIBB COUNTY HOSPITAL
AUTHORITY et al.

(487 SE2d 621)

SMITH, Judge.

Steve Laverson brought this action against Mercer University and Macon Bibb County Hospital Authority d/b/a Medical Center of Central Georgia, alleging breach of an employment contract for a residency position in 1989-1990. Laverson appeals from the trial court's grant of summary judgment to Medical Center and Mercer. Because Laverson failed to show all essential elements of a valid contract required under OCGA § 13-3-1, we affirm.

The year before entering into the alleged contract at issue, Laverson and Medical Center executed a residency agreement. That earlier agreement for a "PGY-3"[1] residency in general surgery research was signed by Laverson and representatives of Medical Center in June 1988. The duration of the residency was one year, from July 1, 1988 through June 30, 1989. Near the completion of that year of residency, Laverson received two letters dated June 9, 1989. The first letter was from Dr. Will Sealy, Medical Center's residency program director. Dr. Sealy offered Laverson an "appointment as a PGY-6 Chief Resident [sic] for 1989-1990." The letter recited, among other things, that Laverson's 1989-1990 contract was enclosed and instructed Laverson to sign and return the contract promptly if he accepted the position. The second letter, from Dr. James Evans, Chairman of the Department of Surgery of Mercer University School of Medicine and Medical Center's Chief of Surgery, recited generally that Laverson's appointment was appropriate.

Laverson contended below, as he does here, that he signed and returned the 1989-1990 contract on June 9, the day he received it. He did not keep or make a copy of the contract, and he could not remember during his deposition testimony whether he requested a copy of the contract. The contract is not in the record. Laverson learned several days later from Dr. Evans that the alleged agreement "could not be honored." Although Laverson was offered a PGY-3 position for the following year, he did not accept it. Breach of the alleged 1989-1990 contract forms the basis of this action.

On motion for summary judgment, Medical Center made several arguments: that it never assented to the agreement, submitting as evidence Laverson's testimony that he could not remember whether anyone on Medical Center's behalf had signed the contract before he signed it; that Laverson's signing and returning the June 9 contract was merely an unenforceable agreement to agree; that the contract,

---

[1] "PGY" means "post-graduate year."

if one existed, was a mistake because Dr. Sealy did not have authority to offer a PGY-6 position to Laverson and thus should be rescinded; that Laverson had not suffered compensable damages; and that Laverson failed to prove the essential term of compensation under the contract. Mercer also moved for summary judgment on the grounds asserted by Medical Center and on the additional ground that it was not a party to any alleged contract between Laverson and Medical Center. We reach only Medical Center's argument concerning compensation because it is dispositive of all issues.

Laverson's burden, as the party asserting a contract, was to prove its existence. *Workman v. McNeal Agency*, 217 Ga. App. 686, 687 (1) (458 SE2d 707) (1995). Assuming without deciding that the June 9 letter offer and Laverson's alleged acceptance by signing the agreement constituted a valid offer and acceptance, Laverson has failed to meet this burden. "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." OCGA § 13-3-1. Each of these four essential terms must be certain. "In order that it may allege an agreement, a petition must set forth a contract of such certainty and completeness that either party may have a right of action upon it. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance where these are essential. . . . A contract cannot be enforced in any form of action if its terms are incomplete or incomprehensible." (Citations and punctuation omitted.) *Jackson v. Williams*, 209 Ga. App. 640, 642-643 (1) (434 SE2d 98) (1993).

Medical Center correctly maintains that one of the four essential requirements of a valid contract is missing — consideration. "The amount of compensation is an essential element of an employment contract that must be stated with sufficient definiteness. . . . The promise must be for an exact amount of compensation or based upon a formula or method for determining the exact amount of the compensation." (Citations and punctuation omitted.) *Carter v. Hubbard*, 224 Ga. App. 375, 377 (2) (480 SE2d 382) (1997). See also *BellSouth Advertising &c. Corp. v. McCollum*, 209 Ga. App. 441, 444 (2) (433 SE2d 437) (1993) (price essential element to valid contract, and alleged contract with "no firm agreement as to the price is unenforceable"). On motion for summary judgment, Medical Center pointed to the absence of evidence of the amount of Laverson's salary under the putative contract. As respondent, it was Laverson's duty to avoid summary judgment by pointing to specific evidence of compensation. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In response to the motion, Laverson admitted that the salary recited in

the alleged 1989-1990 contract differed from that in the 1988-1989 contract and stated only that "an amount higher than the previous year's figure was in fact included in the contract." Also, in his deposition, Laverson admitted that he did not know the salary of a PGY-6 resident. On appeal, he maintains that "the evidence is undisputed that a salary was contained within the contract at issue."

These assertions are insufficient to show the essential element of consideration. "In a contract for the performance of services by one party in consideration of the payment of money by the other party, the nature and character of the services to be performed as well as the place of performance *and the amount to be paid* must be certain and definite. [Cit.]" (Emphasis supplied.) *McTerry v. Free For All Missionary Baptist &c.*, 129 Ga. App. 724 (200 SE2d 915) (1973). Neither we nor the trial court have had the benefit of reviewing the purported 1989-1990 contract. As a result, neither this Court nor any other would be able to enforce the alleged contract because the salary term is unknown. Even if the amount in the alleged contract was greater than Laverson's 1988-1989 salary, the purported salary term "lacks such definite terms and certainty that no court may determine what has been agreed upon. . . . If the parties do not create a complete binding agreement, the courts are powerless to do it for them, or afford a remedy for a breach." (Citations and punctuation omitted.) *Southeastern Underwriters v. AFLAC*, 210 Ga. App. 444, 446 (1) (436 SE2d 556) (1993). And Laverson has not otherwise pointed to a definite amount of compensation or formula for calculating compensation under the purported contract. See *Carter*, supra at 377 (2). Consequently, we cannot enforce the agreement.

Because Laverson failed, as respondent on motion for summary judgment, to provide evidence of a definite, enforceable salary term, he failed to show the existence of a valid contract, and the trial court did not err in granting summary judgment to Medical Center and Mercer.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 29, 1997 —
RECONSIDERATION DENIED JUNE 11, 1997 — Before Judge Phillips.

*Reynolds & McArthur, W. Carl Reynolds, Bradley J. Survant*, for appellant.

*King & Spalding, Michael E. Ross, Hoyt L. Dennard, Jr., Martin, Snow, Grant & Napier, John C. Daniel III, William K. McGowan*, for appellees.