**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 27, 2013**

# In the Court of Appeals of Georgia

A13A1016. COMMUNITY MUSIC CENTERS OF ATLANTA, LLC v. JW BROADCASTING, INC.

ELLINGTON, Presiding Judge.

Community Music Centers of Atlanta, LLC ("Community") agreed to advertise on JW Broadcasting, Inc.'s ("JW") radio station, but failed to pay for advertising services rendered. JW brought a suit on an open account and Community counterclaimed, asserting claims for breach of contract, fraud, punitive damages, and attorney fees. Following a hearing, the trial court granted summary judgment to JW on its suit on account and on Community's counterclaims, and Community appeals. For the following reasons, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the

undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "[T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." Id. "If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." Id. (citing OCGA § 9-11-56 (e)).

Community operates music centers and offers music lessons. JW owns radio stations in Atlanta and provides advertising on its stations. In early 2010, JW and Community agreed to an advertising package to promote Community's services for a period of six months, which JW and Community later extended for four more months. Following the conclusion of the advertising agreement, Community failed to pay the balance owed to JW. After Community failed to comply with JW's written demand for payment, JW filed this action. In its answer, Community admitted that it had entered into the advertising agreement, but it issued a general denial of JW's

claim on the overdue balance of the advertising.[1] Community also filed a counterclaim, alleging that JW committed fraud and breach of contract.

The crux of Community's answer and counterclaims, and the crux of its arguments on appeal, is that JW misrepresented the exposure it would provide through podcast downloads. The record shows that Community and JW negotiated a six-month initial package at a rate of $1,500 per month that would provide advertisements through on-air commercials, a banner ad on AM1690's website, in-studio interviews featuring representatives of Community, and sponsorship of a weekly radio segment. For its sponsorship, Community chose a segment called "Backroads and Banjos with Art Rosenbaum" because of that segment's exposure within the Atlanta market. As part of this sponsorship, Community's Little 5 Points Music Center would "be mentioned before and after each segment[,]" which aired three times each Wednesday on AM1690. In addition, the segment was available for download as a podcast. During negotiations, JW's account executive told Community's director that "[t]his segment has received hundreds of thousands of downloads on iTunes meaning this will give Little 5 Points Music Center a ton of

---

[1] On appeal, Community admits that it failed to pay the full amount due on the advertising account.

3

additional exposure." During the time Community advertised through JW, Community repeatedly reported satisfaction with the advertisements. Moreover, in February 2011, after the parties' advertising agreement had concluded, Community's director told JW that he was "grateful . . . for the role 1690 has played this year in doubling our enrollment." At that same time, Community acknowledged its debt to JW and offered to pay off the balance in ten equal payments. Then, just two weeks after acknowledging the debt, Community asked about podcast download statistics. In response, JW estimated that the total number of podcast downloads of the sponsored segment during the advertising agreement was likely less than hundreds of thousands.

According to Community, JW failed to fulfill its promise that there would be "hundreds of thousands of downloads" of the program Community sponsored and, as a result, Community did not receive the advertising exposure it had bargained for. This alleged misrepresentation by JW was the basis for Community's fraud and breach of contract counterclaims.

The trial court granted JW's motion for summary judgment on both JW's suit on account and on Community's counterclaims, based on an absence of evidence to

4

support Community's claims for fraud and breach of contract, and because Community's debt was not disputed.

1. Community argues that the trial court erred in granting summary judgment to JW on its breach of contract counterclaim. According to Community, JW breached the contract by failing to fulfill its promise to provide advertising through hundreds of thousands of podcast downloads of the program Community agreed to sponsor. The construction of a contract is a question of law subject to de novo review. *Holt & Holt, Inc. v. Choate Constr. Co.*, 271 Ga. App. 292 (609 SE2d 103) (2004).

Although Community claims that it agreed to sponsor a program that JW promised would be downloaded by listeners hundreds of thousands of times during its advertising agreement with JW, the record shows that JW never made such a promise. Instead, JW promoted the program's national popularity by stating that it "has received hundreds of thousands of downloads," in other words, *in the past*. Community has failed to present any other evidence to show that JW promised that there would be a certain number of future downloads of the program. Moreover, the evidence shows that JW provided the agreed-upon frequency of the radio show sponsorship announcements for the agreed-upon time period, as well as fulfilling all of its other obligations under the advertising agreement, including broadcasting

5

thousands of commercials and 15-second "liners," posting Community's banner on its website, and broadcasting interviews of Community's director. Therefore, Community received the benefits of the agreement and failed to show any breach of contract by JW that would relieve Community of its obligations under the advertising agreement.

JW is entitled to summary judgment on the breach of contract claim, which the trial court properly entered.

2. Community argues that there is an issue of material fact for the jury concerning whether it entered into the agreement with JW based upon fraudulent inducement and misrepresentation regarding the reach of JW's circulation. To survive a motion for summary judgment on a fraud claim, a plaintiff must identify some evidence of fraud that supports each of the five elements, which are: "a false representation by a defendant; scienter; intention to induce the plaintiff to act or refrain from acting; justifiable reliance by [the] plaintiff; and damage to the plaintiff." (Citation and punctuation omitted.) *Wertz v. Allen*, 313 Ga. App. 202, 207-208 (2) (721 SE2d 122) (2011).

Community's claim for fraud fails for several reasons. First, even if JW had suggested that Community's sponsorship would result in hundreds of thousands of

6

advertising exposures,[2] JW is still entitled to summary judgment because "[f]raud cannot consist of mere broken promises, expressions of opinion, unfulfilled predictions or erroneous conjecture as to future events." (Footnote omitted.) *Allen v. Columbus Bank & Trust Co.*, 244 Ga. App. 271, 277 (534 SE2d 917) (2000). Community sought, not a certain number of downloads, but, rather, to sponsor a radio show for a specific time period. Any prediction regarding future download statistics would be conjecture, falling short of fraud. Id.

Second, even if Community had pled that JW's representation of the number of past downloads was actionable for fraud, Community still failed to present any evidence showing that JW's representation was false. Instead, Community showed only that there had been at least 35,000 podcast downloads of the program from April 1, 2010 to December 31, 2011. Community showed no evidence of the number of podcast downloads prior to April 1, 2010.

Third, Community failed to present any evidence showing the element of justifiable reliance. "In order to prove the element of justifiable reliance, the plaintiff must show that he exercised his duty of due diligence." (Footnote omitted.) *Dyer v.*

_____

[2] Community has shown no evidence of any prediction by JW regarding future podcast downloads. See Division 1, supra.

7

*Honea*, 252 Ga. App. 735, 740 (3) (b) (557 SE2d 20) (2001). This is especially true when the representation relied upon is a general commendation of the thing to be sold, which amounts to mere "puffing." *ReMax North Atlanta v. Clark*, 244 Ga. App. 890, 893-894 (537 SE2d 138) (2000). The record shows that Community did not inquire into the number of podcast downloads until the agreement at issue had expired and Community owed several thousand dollars on account. Community has presented no evidence of due diligence prior to or during the advertising agreement, and therefore cannot show justifiable reliance.

"Because summary judgment is appropriate if only one essential element of [Community's] claim is eliminated, we need not address all the issues raised on appeal or in the motion for summary judgment to resolve this enumeration of error." (Citation and punctuation omitted.) *Wertz v. Allen*, 313 Ga. App. at 208 (2). JW was entitled to summary judgment on the fraud claim, which the trial court properly entered.

It follows that Community is not entitled to punitive damages under its fraud claim. *Weaver v. Pizza Hut of America, Inc.*, 298 Ga. App. 645, 653 (4) (680 SE2d 668) (2009).

8

3. Community argues the trial court incorrectly dismissed Community's set-off counterclaim. However, because Community failed to prevail on any of its counterclaims, no setoff is available in this case. *UWork.com v. Paragon Technologies*, __ Ga. App. __ (3) (740 SE2d 887) (2013).

*Judgment affirmed. Phipps, C. J., concurs. Branch, J., concurs in Divisions 1 and 3 and in the judgment.*