**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 18, 2015**

# In the Court of Appeals of Georgia

A15A0564. RAMSEY v. NEW TIMES MOVING, INC. d/b/a
        STATE WIDE RELOCATION.

MILLER, Judge.

Julie Ramsey sued New Times Moving, Inc. d/b/a State Wide Relocation
(hereinafter "State Wide") for breach of contract, fraud and other claims arising from
State Wide's actions during her move from Georgia to California.[1] The trial court
granted State Wide's motion to dismiss Ramsey's complaint for lack of jurisdiction
and improper venue. Ramsey appeals, contending, inter alia, that the trial court erred
in granting State Wide's motion to dismiss. For the reasons that follow, we reverse.

---

[1] Ramsey also sued Reliable Low Cost Moving, Inc., d/b/a Low Cost Moving,
however, that company failed to respond to the complaint and is not a party to this
appeal.

We review a trial court's ruling on a motion to dismiss under the de novo standard of review. *Houseboat Store, LLC v. Chris-Craft Corp.*, 302 Ga. App. 795 (692 SE2d 61) (2010); *Sun v. Girardot*, 302 Ga. App. 395 (691 SE2d 278) (2010).[2]

So viewed, the record shows that in September 2012, Ramsey entered into a contract with State Wide to move her household goods from Roswell, Georgia, to Oxnard, California.[3] The contract, which contained no forum selection provision, provided for a binding "not-to-exceed" price of $4,082.79 based on an estimated weight of 7,811 pounds for Ramsey's household goods. Ramsey paid a $200 deposit on the contract to have her household goods picked up in Roswell on September 28, 2012 and delivered to Oxnard on October 2, 2012.

On September 28, 2012, the movers arrived early in the morning and immediately began loading and packing the truck. After the truck was loaded, the

---

[2] We note that the trial court did not convert the motion to dismiss for improper venue into a motion for summary judgment by considering matters outside the pleadings. See *Laibe Corp. v. General Pump & Well, Inc.*, 317 Ga. App. 827, 830-831 (1) (733 SE2d 332) (2012) (consideration of matters outside pleadings on motion to dismiss for improper venue does not convert that motion to one for summary judgment); see also OCGA § 9-11-12 (only a motion to dismiss for failure to state a claim is converted to summary judgment by consideration of matters outside the pleadings).

[3] The contract was prepared by Low Cost Moving, who had an agency relationship with State Wide.

foreman confronted Ramsey and told her that her household goods weighed 12,600 pounds, rather than the agreed-upon 7,811 pounds as set forth in the binding estimate.

The foreman then told Ramsey that the new charge for moving her household goods was $6,300. The foreman also produced documents prepared by State Wide, which Ramsey signed, after the foreman told her that the binding estimate was invalid and that weighing her household goods would incur thousands of dollars in additional charges and her shipment would be delayed. One of the documents signed by Ramsey – a one-page preprinted General Agreement – contains a forum selection clause stating that Ramsey consented to jurisdiction and venue in Miami, Florida for any legal proceedings arising out of that agreement. The record also includes an *unsigned* Revised Written Estimate which contains a similar forum selection clause.

Ramsey subsequently filed suit against State Wide for breach of contract, fraud and other claims. State Wide responded and moved to dismiss the complaint for lack of jurisdiction and improper venue based on the forum selection clause in the General Agreement and the Revised Written Estimate. The trial court granted State Wide's motion to dismiss, and this appeal ensued.

Ramsey contends that the trial court erred in granting State Wide's motion to dismiss. We agree, and reverse.[4]

"A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim." (Citation omitted.) *Croxton v. MSC Holding, Inc.*, 227 Ga. App. 179, 180 (489 SE2d 77) (1997).

> If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied.

(Citation and punctuation omitted.) *Sherman v. Fulton County Bd. of Assessors*, 288 Ga. 88, 90 (701 SE2d 472) (2010). Moreover, "[i]n ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff." (Citation omitted.) *Roberson v. Northrup*, 302 Ga. App. 405 (691 SE2d 547) (2010).

In its motion to dismiss, State Wide argued that Ramsey entered into a binding contract on September 28, 2012, which included a mandatory forum selection clause

---

[4] Ramsey's remaining enumerations of error, which all concern procedural issues related to the trial court's grant of the motion to dismiss, are moot in light of our reversal. Accordingly, we need not address them.

4

requiring her to file her suit in Florida. In support of its argument below, State Wide relied on the forum selection clause in the General Agreement.[5] Contrary to State Wide's argument,[6] a forum selection clause in an agreement that is not freely negotiated, or is the product of fraud or undue influence, is not prima facie enforceable. See *Houseboat Store*, supra, 302 Ga. App. at 797 (b).

Here, Ramsey alleged facts, which if proven, are sufficient to show that she signed the General Agreement under duress and due to the foreman's intentional misrepresentations regarding the weight of her household goods. Moreover, Ramsey has also alleged facts, which if proven, are sufficient to show that she is entitled to relief under applicable federal law, namely that she signed the General Agreement after her household goods were loaded onto the truck.

Notably, with regard to the interstate transportation of household goods for an individual shipper, federal law requires motor carriers to provide either a binding or non-binding written estimate of the total charges before shipment of the goods. See

---

[5] State Wide also relied on the forum selection clause in the Revised Written Estimate. State Wide's reliance on that document is misplaced, because the Revised Written Estimate is unsigned, and it contains a provision stating that it is "only valid if *fully executed before* any work begins."

[6] State Wide was not required to and did not file a response brief in this case. See Court of Appeals Rule 23 (b).

49 C.F.R. § 375.401 (b). A binding estimate is an agreement made in advance between the shipper, in this case Ramsey, and the motor carrier. See id. at (b) (1). Federal law specifically provides that motor carriers may not amend the estimate after loading the shipment. See 49 C.F.R. § 375.401 (i).

A motor carrier is not required to honor a binding estimate or service the shipment where it appears that the shipper has tendered additional household goods or requires additional services that were not identified in the binding estimate. See 49 C.F.R. § 375.403 (a) (6). If the motor carrier chooses to service the shipment, however, the carrier *must* do one of the following *before loading* the shipment: (1) reaffirm the binding estimate; (2) negotiate a revised written binding estimate which accurately lists the additional goods or services in detail: or (3) mutually agree with the shipper, in writing, that the original binding estimate will be considered to be a non-binding estimate. 49 C.F.R. § 375.403 (a) (6) (i)-(iii). If the motor carrier loads the shipment, without first taking one of these steps, then the original binding estimate is affirmed by operation of law. See 49 C.F.R. § 375.403 (a) (7).

In this case, Ramsey alleged facts in her complaint showing that she entered into a contract with Statewide to move her household goods from Georgia to California for a binding, "not-to-exceed" price of $4,082.79, and State Wide

6

attempted to revise the binding estimate *after* loading her shipment. Accepting these allegations as true, the documents that Ramsey signed after her shipment was loaded, including the General Agreement, had no effect, and the original binding estimate was affirmed by operation of federal law. See 49 C.F.R. § 375.403 (a) (7). The original binding estimate in this case had no forum selection clause. Therefore, the trial court erred in dismissing Ramsey's complaint. See *Sherman*, supra, 288 Ga. at 95 (trial court erred in dismissing complaint for failure to state a claim where plaintiff made material allegations in support of its claim which could be supported by admissible evidence). Accordingly, we reverse.

*Judgment reversed. Branch, J. concurs. Andrews, P.J. concurs in judgment only.*