**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 2, 2015**

# In the Court of Appeals of Georgia

A15A1116. BANKSTON v. RES-GA TWELVE, LLC et al.

McFADDEN, Judge.

This appeal is from a trial court order dismissing a complaint for failure to state a claim. Because the trial court correctly found that there is no set of facts within the framework of the complaint that would entitle the plaintiff to relief, we affirm.

"We review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor." *Babalola v. HSBC Bank,* 324 Ga. App. 750 (751 SE2d 545) (2013) (citations and punctuation omitted). So construed, the pleadings show that Denesia Bankston filed a complaint against RES-GA Twelve, LLC ("RES-GA") and its law firm Hartman, Simons and Wood, LLP ("Hartman"), asserting claims for breach of contract, breach

of duty of good faith, invasion of privacy, punitive damages and attorney fees. In support of the claims, the complaint alleged that in 2007, Bankston acquired land by quitclaim deed and executed a deed to secure debt in favor of First Georgia Community Bank in the amount of $277,500. The bank was later closed by the Georgia Department of Banking and Finance, and the Federal Deposit Insurance Company ("FDIC") was appointed as receiver for the bank. In 2010, the FDIC assigned its interest in the aforementioned deed to secure debt to Multibank 2009-1 RES-ADC Venture, LLC ("Multibank"). In 2013, Multibank assigned the deed to secure debt to RES-GA. On May 29, 2013, Hartman mailed notice of foreclosure to Bankston that, according to the complaint, failed to include the information required by the security deed and OCGA § 44-14-162.2. Bankston attached the notice of foreclosure as an exhibit to the complaint.

RES-GA and Hartman moved to dismiss the complaint for failure to state a claim. The trial court granted the motion, finding that the notice of foreclosure attached to the complaint plainly showed that it complied with all notice requirements. Bankston appeals from the dismissal order.[1]

---

[1] RES-GA and Hartman's motion to dismiss the appeal due to untimeliness of, and deficiencies in, Bankston's appellate brief is hereby denied.

A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied.

*Ramsey v. New Times Moving*, 332 Ga. App. 555, 557 (774 SE2d 134) (2015) (citations and punctuation omitted). "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes and thus, a trial court is authorized to consider exhibits attached to and incorporated into the pleadings in its consideration of a motion to dismiss." *Gold Creek SL v. City of Dawsonville*, 290 Ga. App. 807, 809 (1) (660 SE2d 858) (2008) (citations and punctuation omitted).

1. *Breach of contract.*

The only specific allegations in the complaint supporting the breach of contract claim are that the notice of foreclosure was deficient under the security deed and OCGA § 44-14-162.2. But these allegations

are not factual matters at all. To the contrary, they are conclusions of law. While a trial court is required to consider a non-moving party's factual allegations to be true, it is not required to accept the legal conclusions the non-[moving] party suggests that those facts dictate. For this reason, [Bankston's] claims are untenable based on the standard of review alone.

3

*Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 87 (1) (764 SE2d 398) (2014) (footnote omitted).

Moreover, even if Bankston's legal conclusions were treated as factual allegations, they do not provide a basis for relief. As the trial court found, the notice of foreclosure that was attached to and incorporated into the complaint clearly shows that it included the required information and was thus sufficient as a matter of law. See OCGA § 44-14-162.2 (notice must be in writing; be given no later than 30 days before foreclosure date; include name, address and telephone number of entity with authority to negotiate all terms of the mortgage; and be sent by registered or certified mail to specified address). Because the complaint shows with certainty that Bankston would not be entitled to relief under the state of facts that could be proven in support of her breach of contract claim, the trial court correctly dismissed that claim.

2. *Breach of duty of good faith and fair dealing under security deed.*

There is no independent cause of action for violation of a duty of good faith and fair dealing in the performance of a contract "apart from breach of an express term of the contract. [Cit.]" *Morrell v. Wellstar Health Sys.*, 280 Ga. App. 1, 5 (2) (633 SE2d 68) (2006). As discussed above in Division 1, the trial court properly dismissed the breach of contract claim. Consequently, the claim for breach of duty of

good faith and fair dealing under the contract was also properly dismissed since there is no such independent cause of action apart from the breach of contract claim.

3. *Invasion of privacy.*

The complaint alleged that RES-GA violated Bankston's right of privacy by placing her in a false light before the eyes of others. "To establish this [type of false light invasion of privacy] claim, a plaintiff must show the existence of false publicity that depicts her as something or someone which she is not and must demonstrate that the false light in which she was placed would be highly offensive to a reasonable person." *Torrance v. Morris Publishing Group*, 281 Ga. App. 563, 572 (3) (b) (636 SE2d 740) (2006) (citations and punctuation omitted). Here, the invasion of privacy count of the complaint did not identify any acts of false publicity and instead simply referenced the "[d]efendants' above actions." As previously noted, the only specific allegations in the complaint concerned the purportedly deficient notice of foreclosure that was sent to Bankston. However, as also explained above, that notice was sufficient as a matter of law, and thus the complaint "fails to state a claim upon which relief can be granted." *Benedict v. State Farm Bank*, 309 Ga. App. 133, 136 (1) (a) (709 SE2d 314) (2011) (affirming dismissal of invasion of privacy claim).

4. *Punitive damages and litigation costs.*

5

The trial court correctly concluded that because the primary claims must be dismissed, the derivative claims for punitive damages and litigation costs also fail. See *Crane v. Samples*, 267 Ga. App. 895, 896 (2) (600 SE2d 624) (2004).

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*