**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

June 13, 2017

# In the Court of Appeals of Georgia

A17A0149. EDUCAP, INC. v. HAGGARD.                    JE-006

ELLINGTON, Presiding Judge.

Educap, Inc. filed a complaint in the State Court of Gwinnett County alleging that Jennifer L. Haggard, a/k/a Jennifer L. Podesta ("Podesta"), was indebted to Educap on a student loan contract in the amount of $19,801.91. Podesta answered and asserted a counterclaim for fraudulent misrepresentation. She then moved for partial summary judgment, arguing that the loan was the product of fraud in the inducement. The trial court granted Podesta's motion, and Educap appeals. We reverse because Podesta failed to show that there remain no genuine issues of material fact.

Under OCGA § 9-11-56 (c),

[s]ummary judgment is warranted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law. We review the grant or denial of a motion for summary judgment de novo, and we view the evidence, and the reasonable inferences drawn therefrom, in a light most favorable to the nonmovant.

(Punctuation and footnotes omitted.) *Assaf v. Cincinnati Ins. Co.*, 327 Ga. App. 475, 475-476 (759 SE2d 557) (2014). In this case, although Educap filed briefs in response to Podesta's motion for partial summary judgment, Educap came forward with no evidence in opposition to the motion, and its attorney then failed to appear at the motion hearing. Nevertheless, "[a] motion for summary judgment should not be granted unless it affirmatively appears from the pleadings and evidence that the party so moving is entitled to prevail." (Citation and punctuation omitted.) *McGivern v. First Capital Income Properties, Ltd.*, 188 Ga. App. 716, 717 (1) (373 SE2d 817) (1988) (noting that there is "no such thing as a default summary judgment") (punctuation omitted).

The evidence shows the following. In 2005, Podesta entered into a loan, funded by 5Star Bank and later purchased by Educap, which carried a variable interest rate of at least 12.40% per annum. Before entering into the loan, Podesta met with an agent of Educap or 5Star Bank in early 2005. The agent purported to review her eligibility for student loans as a student of CUNY Queens College. Podesta, a natural

2

born United States citizen, was then eligible for Federal student aid, including a number of programs available through Sallie Mae, the State of New York, and private lenders. Podesta testified that despite

> obvious knowledge to the contrary, the Agent informed [her] that [she] was not eligible for grants of any kind, loans from the United States, Sallie Mae or the State of New York, or loans from any other institution carrying an interest rate lower than 12.40% per annum. Believing that the Agent had accurately advised [her] of [her] only options, [she] agreed to the terms of the loan.

Stephen Dunseith, an accountant and CPA retained by Podesta as an expert, also testified that, in 2005, the Federal student aid programs carried credit requirements that were considerably easier to qualify for than private lender student loans. According to Dunseith, based on his review of the loan documents, Podesta would have easily qualified for Federal student aid, possibly including grants, and almost certainly including subsidized loans. The interest rate offered on those loans would have been, in Dunseith's opinion, well shy of five percent per annum. Dunseith testified that, "in [his] professional opinion, no reasonable disinterested agent, working to assist a borrower in student loan applications would recommend the

Educap loan over Federal or New York student aid." He further opined that the terms

of the Educap loan documents were abusive and "the definition of predatory lending."

To prevail on a fraud claim, including the tort of fraudulent inducement, the

plaintiff must establish five elements: "a false representation by a defendant, scienter,

intention to induce the plaintiff to act or refrain from acting, justifiable reliance by

plaintiff, and damage to plaintiff." (Citation and punctuation omitted.) *Stafford v.*

*Gareleck*, 330 Ga. App. 757, 762 (2) (769 SE2d 169) (2015). Setting aside whether

Podesta has carried her burden as to the other elements, she has failed to establish that

no genuine issue of material fact remains as to whether she justifiably relied on the

alleged misrepresentation that she was not eligible for other student loan programs.[1]

"Absent a fiduciary or confidential relationship with the defendant, the plaintiff must

exercise due diligence before relying upon the representations or silence of another."

---

[1] In addition to arguing that Podesta failed to affirmatively show that there is no genuine issue of material fact as to her justifiable reliance on the alleged misrepresentation, Educap argues that Podesta failed to adduce evidence that the person who made the misrepresentation was an agent of Educap; that Podesta failed to show she rescinded the contract, which Educap contends is a prerequisite to her tort claim; and that she failed to pierce its affirmative defenses. Podesta responds that, although Educap challenged her justifiable reliance and adequate diligence below, Educap did not raise its additional arguments at the trial court level and may not do so on appeal. In light of our conclusions, we need not reach the issues presented by Educap's additional arguments.

*Middleton v. Troy Young Realty*, 257 Ga. App. 771, 773 (b) (572 SE2d 334) (2002). See *Legacy Academy, Inc. v. Mamilove, LLC*, 297 Ga. 15, 19 (1) (771 SE2d 868) (2015) ("The law will protect the innocent against fraud, . . . but it demands of every one that he make use of his own facilities to avoid being defrauded.") (citation and punctuation omitted). Thus, "fraud cannot be the basis of an action if it appears that the party alleging the fraud had equal and ample opportunity to prevent it and yet made it possible through the failure to exercise due diligence." *Baxter v. Fairfield Financial Svcs..*, 307 Ga. App. 286, 294 (4) (704 SE2d 423) (2010). Podesta did not show that she investigated her eligibility for a student loan other than by meeting with Educap's alleged agent. Without something more, Podesta's testimony that she believed the agent is insufficient to establish that she was justified in relying on the misrepresentation. See id. at 294-295 (4) ("Blind reliance" precludes a fraud claim.); *Dyer v. Honea*, 252 Ga. App. 735, 738 (1) (557 SE2d 20) (2001) (accord).

Podesta maintains that a hearer's justified reliance on a misrepresentation turns on her "exercise of common prudence and diligence." *Charter Medical Management Co. v. Ware Manor, Inc.*, 159 Ga. App. 378, 380 (2) (283 SE2d 330) (1981). She argues that, as a college student, she acted diligently in meeting with a financial aid advisor for Queens College to review her eligibility for student loans. She contends

that the advisor should have been an independent third party, but was "masquerading as a financial aid officer in a respected university." Further, she argues, a financial aid officer is in a relationship of trust and confidence with the students seeking advice, thereby showing that she was justified in relying on that advice. See, e.g., *Johnson v. Bogdis*, 205 Ga. 535, 541 (54 SE2d 620) (1949) ("The same degree of diligence in detecting fraud is not required where a confidential relationship exists as is required where the parties are dealing at arm's length.").

To the extent Podesta's arguments add additional context to her meeting with the alleged agent, such as characterizing the agent as "masquerading as a financial aid officer," they are not supported by the evidence. Podesta's affidavit (which along with Dunseith's expert testimony forms the basis for the evidentiary record) provides little information regarding the person who reviewed her student loan eligibility. She testified only that the person, whom she did not identify by name, was an agent of Educap or 5Star Bank, she met with him or her, and the alleged agent purported to review her student loan eligibility and then made the alleged misrepresentation. Viewed in a light most favorable to Educap, as the nonmovant, the evidence does not establish, as a matter of law, that Podesta was justified in relying on the misrepresentation as to her student loan eligibility because she met with the alleged

6

agent or because she was in a confidential relationship with the agent. See *Baxter v. Fairfield Financial Svcs.*, 307 Ga. App. at 293 (4) (704 SE2d 423) (2010) ("Our law does not create a confidential or fiduciary relationship between a financial institution and those with whom it deals . . . . The mere fact that one reposes trust and confidence in another does not create a confidential relationship.") (citation and punctuation omitted).

A confidential relationship may be based in fact, as well as in contract or in law. See *Duncan v. Moore*, 275 Ga. 656, 658 (3) (571 SE2d 771) (2002). However, as a confidential relationship "may be found whenever one party is justified in reposing confidence in another, the issue of whether a confidential relationship has been created is ordinarily reserved for the jury." (Footnote omitted.) *Savu v. SunTrust Bank*, 293 Ga. App. 683, 690-691 (3) (668 SE2d 276) (2008). Likewise, apart from "plain and indisputable cases, questions of fraud and whether a plaintiff could have protected himself through the exercise of ordinary diligence are questions for a jury." (Citation omitted.) *Nebo Ventures, LLC v. NovaPro Risk Solutions, L.P.*, 324 Ga. App. 836, 840 (752 SE2d 18) (2013). Based on the evidence of record, Podesta has failed to affirmatively establish that, as to her fraud claim, this is a plain and

undisputable case appropriate for determination as a matter of law. It follows that the trial court erred in granting her motion for partial summary judgment.

*Judgment reversed. Andrews and Rickman, JJ., concur*.