**THIRD DIVISION**
**DOYLE, P. J.,**
**PIPKIN, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 18, 2023**

# In the Court of Appeals of Georgia

A23A0010. TAVISTOCK FREEBIRDS v. THE COCA-COLA COMPANY.

PHIPPS, Senior Appellate Judge.

Plaintiff Tavistock Freebirds LLC d/b/a Freebirds World Burrito appeals from the dismissal of its complaint against defendant The Coca-Cola Company. Freebirds contends that the trial court erred when it determined that Freebirds failed to state a claim as to each of its causes of action. For the reasons that follow, we disagree and affirm.

A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly

introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

*Hendon Properties v. Cinema Dev.*, 275 Ga. App. 434, 435 (620 SE2d 644) (2005) (citation and punctuation omitted). We review de novo a trial court's ruling on a motion to dismiss for failure to state a claim, "construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor," *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 750 (751 SE2d 545) (2013) (citation and punctuation omitted), and viewing all well-pled allegations in the complaint as true, *Carter v. Cornwell*, 338 Ga. App. 662, 662 (791 SE2d 447) (2016).

So viewed, the record shows that Freebirds is a restaurant with more than 70 locations in Texas. In 2015, it entered into a Beverage Marketing Agreement that gave Coca-Cola the exclusive right to provide nearly all beverage products to Freebirds locations.[1] The agreement identified certain core fountain beverages to be provided and stipulated that additional beverages would be jointly selected by the parties.

---

[1] A copy of the agreement has not been included in the record due to one or more confidentiality provisions. Neither party disputes the terms relevant to this appeal.

In a 2017 meeting, representatives of each party discussed "which beverages would optimize sales for Freebirds." During that meeting, Coca-Cola representatives told Freebirds representatives that two Coca-Cola beverages — "Barrilitos" and "Limeaid"[2] — "were staples in the Texas market" and recommended that Freebirds test them along with a third beverage. According to Freebirds, it "ultimately decided to test only the Barrilitos and Limeade," which it did in ten locations for eight weeks in 2018.

Following the testing, Coca-Cola presented Freebirds with the test results in April 2018 and reported that, based on the results, "implementing Barrilitos and Limeade across all Freebirds locations would lead to 12,080 incremental gallons of fountain beverage syrups sold and a boost of $812,500 in annual profits." As a result, Freebirds authorized implementation of Barrilitos and Limeade sales in all of its locations, to begin in August 2018 based on Coca-Cola's representation that the rollout would take no longer than three months. Coca-Cola, however, did not complete the rollout until March 2019.

---

[2] The plaintiffs more fully describe these beverages as "Barrilitos® aguas frescas Mango Lime" and "Minute Maid® Limeade."

3

According to Freebirds, the delayed rollout cost it $68,000 per month (based on Coca-Cola's April 2018 test projections). Moreover, "[c]ustomers' fountain beverage purchases for the dispenser slots for Barrilitos and Limeade" thereafter "dropped to an alarming rate." Freebirds subsequently discovered that the two beverages were not widely distributed in Texas despite Coca-Cola's prior assurances that they were "dominant products" in that state. In addition, a Coca-Cola executive told Freebirds in June 2019 that "the test results and projections presented by Coca-Cola in April 2018 and relied upon by Freebirds were 'never possible' and that Barrilitos and Limeade were incapable of developing the sales represented in the test projections."

Freebirds further alleged that, because Barrilitos and Limeade were not widely distributed in Texas, it had to pay approximately $74,000 in yearly "slotting fees," which, it asserted, are charged by distributors to stock products that are not widely sold in a state. According to Freebirds, Coca-Cola induced it to sell the two beverages to enable Coca-Cola to "remove the proprietary slotting fee for all other Coca-Cola customers in Texas and make it easier for Coca-Cola to sell Barrilitos and Limeade to other customers."

Based on these allegations, Freebirds asserted claims for fraud, negligent misrepresentation, breach of contract, OCGA § 13-6-11 attorney fees, and a declaratory judgment. The trial court thereafter granted Coca-Cola's motion to dismiss Freebirds's complaint for failure to state a claim, and this appeal followed.

1. (a) Freebirds first challenges the dismissal of its claims for fraud and negligent misrepresentation. It primarily contends that the trial court erred by applying an unduly rigorous pleading standard to those claims, particularly to the element of justifiable reliance. We discern no error.

> [T]o prove fraud, the plaintiff must establish five elements: [1] a false representation by a defendant, [2] scienter, [3] intention to induce the plaintiff to act or refrain from acting, [4] justifiable reliance by plaintiff, and [5] damage to plaintiff. In turn, the essential elements of negligent misrepresentation are: (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance.

*DaimlerChrysler Motors Co. v. Clemente*, 294 Ga. App. 38, 50 (3) (668 SE2d 737) (2008) (citations and punctuation omitted). "Reliance is an essential element of both fraud and negligent misrepresentation, and that reliance must be justified." *Hicks v.*

*Sumter Bank & Trust Co.*, 269 Ga. App. 524, 527 (1) (604 SE2d 594) (2004).

Consequently,

> [m]isrepresentations are not actionable unless the complaining party was justified in relying thereon in the exercise of common prudence and diligence. And when the representation consists of general commendations or mere expressions of opinion, hope, expectation and the like, the party to whom it is made is not justified in relying upon it and assuming it to be true; he is bound to make inquiry and examination for himself so as to ascertain the truth.

*Anderson v. Atlanta Committee for the Olympic Games*, 261 Ga. App. 895, 900 (2) (584 SE2d 16) (2003) (citation and punctuation omitted).

Thus, because "[t]he law does not afford relief to one who suffers by not using the ordinary means of information, whether the neglect is due to indifference or credulity," a plaintiff's lack of due diligence bars a claim for fraud as a matter of law. *Artzner v. A & A Exterminators*, 242 Ga. App. 766, 771 (1) (531 SE2d 200) (2000) (citations and punctuation omitted); accord *EduCap, Inc. v. Haggard*, 341 Ga. App. 684, 687 (801 SE2d 611) (2017) ("[F]raud cannot be the basis of an action if it appears that the party alleging the fraud had equal and ample opportunity to prevent it and yet made it possible through the failure to exercise due diligence.") (citation and punctuation omitted). The same is true of a claim for negligent misrepresentation.

6

*Artzner*, 242 Ga. App. at 771-772 (2). As a result, one may not justifiably rely on statements that constitute mere "sales puffing" without independently inquiring into their veracity. *Hicks*, 269 Ga. App. at 527 (1) (citation and punctuation omitted); accord *Community Music Centers of Atlanta v. JW Broadcasting*, 323 Ga. App. 757, 760-761 (2) (748 SE2d 127) (2013) (physical precedent only) (a plaintiff's duty of due diligence arises "when the representation relied upon is a general commendation of the thing to be sold, which amounts to mere puffing") (citation and punctuation omitted).

For those reasons, "in an action for fraud and deceit, the complaint must show that one who relied upon the representations of another used the means available to him in the exercise of diligence to discover the truth." *Spikes v. Citizens State Bank*, 179 Ga. App. 479, 482 (2) (347 SE2d 310) (1986); accord *Blanchard v. West*, 115 Ga. App. 814, 815 (2) (156 SE2d 164) (1967) (same); *Cosby v. Asher*, 74 Ga. App. 884, 888 (41 SE2d 793) (1947) (the trial court properly dismissed a complaint for fraud because the complaint alleged neither that the plaintiff exercised due diligence nor that the defendant prevented the plaintiff from discovering the information at issue). Finally, promises as to future events generally cannot constitute fraud unless they are "made with a present intent not to perform or where the promisor knows that the

future event will not take place." *TechBios, Inc. v. Champagne*, 301 Ga. App. 592, 594 (1) (a) (688 SE2d 378) (2009) (citation and punctuation omitted); accord *Greenwald v. Odom*, 314 Ga. App. 46, 52 (1) (723 SE2d 305) (2012) ("[M]ere opinions, predictions, and conjectures relating to future events cannot form the basis of a fraud claim.") (citation and punctuation omitted).

In Freebirds's complaint, it identified with particularity[3] two allegedly fraudulent statements by Coca-Cola upon which it purportedly relied: (i) that Barrilitos and Limeaid "were staples in the Texas market" (made in 2017, before testing); and (ii) that, based on the 2018 test results, implementing the two beverages across all Freebirds locations "would lead to 12,080 incremental gallons of fountain beverage syrups sold and a boost of $812,500 in annual profits."[4] Neither statement

---

[3] See OCGA § 9-11-9 (b) (in pleadings alleging fraud, "the circumstance constituting fraud . . . shall be stated with particularity").

[4] In its reply brief, Freebirds appears to distinguish between the sales projections made by Coca-Cola following the 2018 testing and the raw data obtained during the testing, by alleging that each was false. In its complaint, however, Freebirds did not state with particularity the substance of any such data — as distinct from Coca-Cola's ensuing sales projections — and its general allegations on appeal that the underlying data was false thus play no part in our analysis. See OCGA § 9-11-9 (b); *Dockens v. Runkle Consulting*, 285 Ga. App. 896, 900 (2) (a) (648 SE2d 80) (2007) ("[A]ll allegations of fraud must be made with particularity and not averred generally. . . . [A] general allegation of fraud amounts to nothing — it is necessary

8

is capable of supporting a claim for fraud or negligent misrepresentation on the facts of this case.

(i) Because Coca-Cola's representation that Barrilitos and Limeade were "staples in the Texas market" was in the nature of general commendations and "sales puffing," Freebirds's allegation in its complaint that it ultimately discovered that no other restaurant brand in Texas served both beverages as fountain drinks shows that any prior reliance on that representation absent due diligence was not justified. See *EduCap, Inc.*, 341 Ga. App. at 687; *Hicks*, 269 Ga. App. at 527 (1); *Artzner*, 242 Ga. App. at 771-772 (1)-(2); accord *Najarian Capital v. Clark*, 357 Ga. App. 685, 689 (2) (849 SE2d 262) (2020) (reliance is justified only if the misrepresentation could not have been discovered in the exercise of due diligence); *Pampattiwar v. Hinson*, 326 Ga. App. 163, 168 (1) (756 SE2d 246) (2014) ("Blind reliance precludes a fraud claim as a matter of law.") (citation and punctuation omitted); *GCA Strategic Investment Fund v. Joseph Charles & Assoc.*, 245 Ga. App. 460, 464 (3) (537 SE2d 677) (2000) (the element of justifiable reliance requires a plaintiff to have "exercised due care to discover the fraud"). And it alleged no facts in its complaint suggesting

that the complainant show, by specifications, wherein the fraud consists. Issuable facts must be charged.") (citation and punctuation omitted).

9

either that it engaged in any diligence whatsoever to determine the popularity of the beverages before entering into the agreement with Coca-Cola or that Coca-Cola prevented it from doing so. Thus, because Freebirds' own allegations defeat its claims for fraud and negligent misrepresentation based on this statement, the trial court did not err when it dismissed these claims. See *Hicks*, 269 Ga. App. at 527 (1); *Artzner*, 242 Ga. App. at 771 (1); *Spikes*, 179 Ga. App. at 482 (2); *Blanchard*, 115 Ga. App. at 815 (2); *Cosby*, 74 Ga. App. at 888.

(ii) Coca-Cola's statements about future sales projections likewise cannot support a claim for fraud or negligent misrepresentation because they were in the nature of opinions, predictions, and conjectures as to customers' future purchases of its beverages, rather than statements about specific existing facts or future events that Coca-Cola promised would occur. See *Greenwald*, 314 Ga. App. at 52 (1); *TechBios, Inc.*, 301 Ga. App. at 594 (1) (a); *Hicks*, 269 Ga. App. at 527 (1); *Anderson*, 261 Ga. App. at 899-901 (2); accord *Community Music Centers of Atlanta*, 323 Ga. App. at 760 (2) (holding that predictions as to the number of future podcast download statistics "would be conjecture, falling short of fraud"). Consequently, any reliance on such representations by Freebirds also was unjustified as a matter of law. See *Davidson Mineral Properties v. Baird*, 260 Ga. 75, 78 (5) (390 SE2d 33) (1990)

10

(statements that mining operations would begin within a certain time period and that the operations would result in a certain amount of stone being mined were not fraudulent because they concerned future events); *Hicks*, 269 Ga. App. at 527 (1) (concluding that the plaintiff was not justified in relying on a defendant's claims that certain property "was ready for development or could be developed in a certain way") (citation and punctuation omitted); *Anderson*, 261 Ga. App. at 899-901 (2) (holding that assertions to the effect that "Atlanta would be the safest place on the planet during the Olympic Games" were "mere statements of opinion [that did] not support fraud or negligent misrepresentation claims") (punctuation omitted); see also generally *Greenwald*, 314 Ga. App. at 52-53 (1) ("[A] false representation made by a defendant, to be actionable, must relate to an existing fact or a past event.") (citation and punctuation omitted). Moreover, because the projections did not implicate promises that were capable of performance by Coca-Cola, no question arises as to whether it possessed an intent not to perform or knew that a promised future event would not occur. See *TechBios, Inc.*, 301 Ga. App. at 594 (1) (a).

Freebirds contends that a Coca-Cola executive's June 2019 statement that the April 2018 sales projections were "never possible" shows that Coca-Cola knew the projections were false when made. But Freebirds cites no authority suggesting that

11

any such after-the-fact statement of opinion may somehow retroactively render the April 2018 projections fraudulent when they were incapable of being fraudulent when made. Consequently, Freebirds has shown no error in the dismissal of its claims for fraud and negligent misrepresentation based on Coca-Cola's alleged predictions as to future sales.

(b) Freebirds further maintains that the trial court was required to allow it an opportunity to provide a more definite statement before dismissing its fraud and negligent misrepresentation claims. But it cites no authority for the proposition that a trial court must sua sponte do so where, as here, Freebirds's own allegations in its complaint defeat its claims for relief. See generally *Mannato v. SunTrust Banks*, 308 Ga. App. 691, 691 (708 SE2d 611) (2011) (a litigant may "plead himself out of court by revealing a state of facts which affirmatively shows that there is no liability on the defendant") (citation and punctuation omitted). Consequently, we affirm the dismissal of Freebirds's claims for fraud and negligent misrepresentation.

2. Freebirds also challenges the dismissal of its claim for breach of contract, in which it alleged that Coca-Cola breached an agreement "to timely implement

Barrilitos and Limeade in all Freebirds locations."[5] We again find no error in the trial court's ruling.

> To state a claim for breach of contract, [a] complaint must generally allege a factual framework showing parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate. Each of these four essential terms must be certain.

*Weathers v. Dieniahmar Music*, 337 Ga. App. 816, 822 (2) (788 SE2d 852) (2016) (citation and punctuation omitted); see OCGA § 13-3-1; accord *Perimeter Realty v. GAPI, Inc.*, 243 Ga. App. 584, 589 (1) (a) (533 SE2d 136) (2000) (an enforceable contract does not exist "unless the parties agree on all material terms"). Thus, to allege an enforceable agreement, a complaint

---

[5] In its complaint, Freebirds further alleged that Coca-Cola also breached an agreement "to optimize Freebirds's brand through offering products that would maximize sales" when it "misrepresent[ed] products that were not dominant in Texas." But it raises no arguments to that effect on appeal, and we therefore deem the issue abandoned. See *Gresham v. Harris*, 349 Ga. App. 134, 138 (1), n. 10 (825 SE2d 516) (2019) (concluding that the appellant waived any claim that the trial court erred in making a certain finding "by failing to enumerate it as an error and provide any supporting argument" on appeal); *Karlsberg v. Hoover*, 142 Ga. App. 590, 594 (236 SE2d 520) (1977) ("[A]n appellant is required in its initial brief to file an argument which supports any enumerations of error it does not wish to waive.").

must set forth a contract of such certainty and completeness that either party may have a right of action upon it. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance where these are essential. A contract cannot be enforced in any form of action if its terms are incomplete or incomprehensible.

*Laverson v. Macon Bibb County Hosp. Auth.*, 226 Ga. App. 761, 762 (487 SE2d 621) (1997) (citation and punctuation omitted). As to consideration, OCGA § 13-3-42 provides: "(a) To constitute consideration, a performance or a return promise must be bargained for by the parties to a contract. (b) A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise."

(a) In its complaint, Freebirds alleged neither that the timing of the new beverage rollout was a term that the parties bargained for in the Beverage Marketing Agreement nor that the rollout schedule constituted a modification of the agreement.[6] It rather simply alleged that: (i) it authorized the rollout based on Coca-Cola's sales

_____

[6] The parties' arguments regarding whether any such purported modification of the Beverage Marketing Agreement was effective and whether an "entire agreement" clause in the agreement defeats any such claim thus present nothing for us to review.

forecasts; and (ii) it scheduled the rollout for August 10, 2018, based on Coca-Cola's representation that it would take no longer than three months to complete. Importantly, Freebirds did not allege that the proposed rollout date was part of a bargained-for agreement supported by consideration. See OCGA § 13-3-42 (consideration must be bargained for); *Laverson*, 226 Ga. App. at 762 (to allege an enforceable agreement, a complaint must allege consideration). Consequently, Freebirds failed to state a claim for breach of an agreement regarding the rollout date, and the trial court properly dismissed that claim. See *Weathers*, 337 Ga. App. at 822 (2); *Laverson*, 226 Ga. App. at 762.

(b) Our ruling that Freebirds has shown no error in the dismissal of its breach-of-contract claim necessarily disposes of its contention that the trial court erred by dismissing its claim for breach of the covenant of good faith and fair dealing. See *Bankston v. RES-GA Twelve*, 334 Ga. App. 302, 304 (2) (779 SE2d 80) (2015) ("There is no independent cause of action for violation of a duty of good faith and fair dealing in the performance of a contract apart from breach of an express term of the contract.") (citation and punctuation omitted); accord *Wanna v. Navicent Health*, 357 Ga. App. 140, 153 (3) (850 SE2d 191) (2020) ("The implied covenant modifies and becomes a part of the provisions of the contract, but the covenant cannot be breached

15

apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability.") (citations and punctuation omitted). Regardless, Freebirds has abandoned any contention to the contrary by failing to cite any legal authority in support of its argument on this issue. See Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Brittain v. State*, 329 Ga. App. 689, 704 (4) (a) (766 SE2d 106) (2014) ("[A]n appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules.") (citation and punctuation omitted); *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000) (legal analysis, at a minimum, requires "a discussion of the appropriate law as applied to the relevant facts") (citation and punctuation omitted). We therefore affirm the trial court's ruling on this issue.

3. In its claim for a declaratory judgment, Freebirds sought a ruling that it is entitled to terminate the Beverage Marketing Agreement based on Coca-Cola's failure to remedy its alleged breach of the agreement. On appeal, Freebirds simply makes the broad, conclusory assertion that it is contractually authorized to terminate the agreement based on "Coca-Cola's failure to remedy the issues underlying this

16

case." But for the reasons stated above, it has established no error in the dismissal of its other claims. And given its failure to elaborate any argument as to why it is entitled to a declaratory ruling for reasons independent of the claims addressed above, Freebirds necessarily has shown no error in the dismissal of its declaratory-judgment claim. Regardless, it again has abandoned any contention to the contrary by failing to cite any legal authority in support of its argument. See Court of Appeals Rule 25 (d) (1); *Brittain*, 329 Ga. App. at 704 (4) (a); *Dixon*, 242 Ga. App. at 266 (4). We therefore also affirm the trial court's ruling on this issue.

4. Finally, based on our rulings above, the trial court did not err when it dismissed Freebirds's claim for OCGA § 13-6-11 attorney fees. See *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996) ("A prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim[s].").

*Judgment affirmed. Doyle, P. J., and Pipkin, J., concur*.

17